STATE OF NORTH CAROLINA v. JAMES EDWARD COOPER

No. 25

(Filed 6 October 1981)

**1. Criminal Law § 142.3 — possession of stolen credit cards — condition of probation — driving restrictions**

Where defendant pled guilty to fourteen counts of felonious possession of stolen credit cards and was placed on probation, a condition of defendant's probation that he not operate a motor vehicle on the streets or highways of North Carolina from 12:01 a.m. until 5:30 a.m. during the three-month period of probation was reasonably related to the offenses to which defendant pled guilty, was reasonably related to his rehabilitation, was not unnecessarily lengthy, and was valid, since the use of a motor vehicle at other than normal business hours, particularly late at night, is reasonably related to the reception, possession and disposition of stolen property, and limiting defendant's use of a motor vehicle after midnight imposes a legitimate restriction on his travels and tends to minimize his opportunity for contact with persons engaged in criminal activities.

**2. Criminal Law § 142.3 — objection to condition of probation — timeliness**

As used in the statute providing that failure to object to a condition of probation at the time it is imposed does not waive the right to object at "a later time," G.S. 15A-1342(g), the words "at a later time" refer to the revocation hearing; therefore, a defendant cannot relitigate the legality of a condition of probation unless he raises the issue no later than the hearing at which his probation is revoked.

APPEAL by the State of North Carolina from decision of the Court of Appeals, 51 N.C. App. 233, 275 S.E. 2d 538 (1981), reversing judgment of *Stevens, J.,* entered at 21 April 1980 Session, ONSLOW Superior Court.

On 18 December 1979, defendant pled guilty to fourteen counts of felonious possession of stolen credit cards. The fourteen separate charges were consolidated for judgment and Judge Llewellyn sentenced defendant to prison for a term of not less than two nor more than three years. The sentence was suspended for three years and defendant was placed on probation on certain conditions therein named, including the following: That defendant "[n]ot operate a motor vehicle on the streets or highways of North Carolina from 12:01 a.m. until 5:30 a.m. during the period of probation."

At a revocation hearing before Judge Stevens on 21 April 1980, Patrolman Stahl, a Jacksonville police officer, and Melville Lewis Hope, a student at Coastal Carolina Community College, both testified they saw defendant operating a dark blue Cadillac, license number PWT-338, on Court Street in Jacksonville between the hours of 12:01 a.m. and 5:30 a.m. on the 22nd and 29th of December 1979 in violation of the terms of his probation.

Defendant denied the allegations and offered evidence tending to show that on 22 December 1979 the car he was allegedly driving was actually being driven in South Carolina by a friend named Brenda Duncan. Defendant further testified that he was in the Cadillac on 29 December 1979 during the prohibited hours but the car was being driven by someone else. The testimony of Brenda Duncan and Elizabeth Cooper, defendant's mother, tends to corroborate defendant's testimony.

Judge Stevens found as a fact that defendant willfully and without lawful excuse violated the special condition of his probation that he not operate a motor vehicle on the streets or highways of North Carolina between 12:01 a.m. and 5:30 a.m. during the period of probation by operating a motor vehicle on the streets of Jacksonville on 22 December 1979 at 1:25 a.m. and on 29 December 1979 at 1:04 a.m. Judge Stevens thereupon ordered that defendant's probation be revoked and the sentence of not less than two nor more than three years be reduced to a period of eighteen months under the supervision of the Department of Corrections, commitment to issue accordingly.

Defendant appealed to the Court of Appeals and that court, with Vaughn, J., dissenting, reversed on the grounds that the condition of probation prohibiting defendant from operating a motor

vehicle on the public streets and highways between 12:01 a.m. and 5:30 a.m. during the period of probation was not reasonably related to the offenses defendant had committed, was not reasonably related to his rehabilitation and was not imposed for a reasonable period of time. The State appealed to this Court as of right under the provisions of G.S. 7A-30(2).

*Rufus L. Edmisten, Attorney General, by David Roy Blackwell, Assistant Attorney General, for plaintiff appellant.*

*Bailey, Raynor & Erwin by Edward G. Bailey, for defendant appellee.*

HUSKINS, Justice.

[1] Was the condition in the probation judgment that defendant not operate a motor vehicle on the streets or highways of North Carolina from 12:01 a.m. until 5:30 a.m. during the period of probation a valid condition? Answer to this question disposes of this appeal.

G.S. 15A-1343 provides in pertinent part:

(b) Appropriate conditions.—When placing a defendant on probation, the court may, as a condition of the probation, require that during the period of probation the defendant comply with one or more of the following conditions:

> . . .

> (17) Satisfy any other conditions reasonably related to his rehabilitation.

G.S. 15A-1342(g) reads as follows:

Invalid conditions; timing of objection.—A court may not revoke probation for violation of an invalid condition. The failure of a defendant to object to a condition of probation at the time it is imposed does not constitute a waiver of the right to object at a later time to the condition.

Defendant challenges the validity of the condition that he not operate a motor vehicle on the streets or highways of North Carolina from 12:01 a.m. until 5:30 a.m. during the period of probation on the grounds that (1) it bears no reasonable relationship to the offenses he had committed, (2) it was not reasonably

related to his rehabilitation, and (3) the three-year period of probation is unreasonably lengthy. He contends, therefore, that the challenged condition is invalid and Judge Stevens had no authority to revoke his probation for violation of an invalid condition. The Court of Appeals so held.

We find no merit in defendant's position and therefore reverse the Court of Appeals. The record shows that defendant pled guilty to fourteen crimes involving the possession of stolen credit cards. The use of a motor vehicle at other than normal business hours, particularly late at night, is reasonably related to the reception, possession and disposition of stolen property. Limiting defendant's use of a motor vehicle after midnight imposes a legitimate restriction on his travels and tends to minimize his opportunity for contact with persons engaged in criminal activities. Thus the challenged condition bears a reasonable relationship to the offenses committed by defendant, tends to reduce his exposure to crime and to assist in his rehabilitation. Moreover, three years on probation is very reasonable indeed for fourteen felonies.

[2]  It is appropriate to note at this point that defendant did not raise this issue at the revocation hearing, offered no evidence challenging the validity of any condition of probation, interposed no objection and took no exception to the action of the court. The record contains no showing that defendant did not use a motor vehicle in the commission of the crimes to which he pled guilty. The record contains no evidence that the crimes were not committed in the nighttime and that a motor vehicle was not used in the commission of them. In fact, the record contains nothing to indicate that the challenged condition of probation is invalid. At the revocation hearing, defendant contended only that he was not the driver of the vehicle. The first time he challenged the validity of the no-driving condition was on appeal to the Court of Appeals. We hold that defendant cannot relitigate the legality of a condition of probation unless he raises the issue no later than the hearing at which his probation is revoked. We interpret G.S. 15A-1342(g) to mean that a probationer is not required to object to a condition of probation at the time probation is imposed but that he has the right to object "at a later time" to the condition. The words "at a later time" refer to the revocation hearing. It does not mean that a probationer has a perpetual right to challenge a

condition of probation and may exercise such right for the first time at the appellate level. Our construction of this statute is supported by the following language from the Official Commentary to G.S. 15A-1342:

> Subsection (g) seeks to make clear the resolution of the dilemma a defendant is placed in when he is placed on probation with invalid conditions. The defendant wishes to contest the conditions but is afraid that if he does so he will be given an active sentence. Subsection (g) makes it clear that he may accept the probation and still contest the validity of the condition if his probation is later sought to be revoked for its violation.

We conclude that the challenged condition of probation imposed by the trial judge was reasonably related to the offenses to which defendant pled guilty, was reasonably related to his rehabilitation, and was not unnecessarily lengthy. The condition was therefore valid. Since the evidence at the revocation hearing amply supported the findings of fact that defendant had violated a condition of his probation upon which the prison sentence had been suspended, the order of Judge Stevens revoking probation and activating the prison sentence was properly entered. This conclusion is supported not only by the statutes but by case law as well. *See State v. Smith,* 233 N.C. 68, 62 S.E. 2d 495 (1950); *State v. Miller,* 225 N.C. 213, 34 S.E. 2d 143 (1945); *State v. Shepherd,* 187 N.C. 609, 122 S.E. 467 (1924); *State v. Johnson,* 169 N.C. 311, 84 S.E. 767 (1915).

For the reasons stated, the decision of the Court of Appeals is reversed. The case is remanded to that court for further remand to Onslow Superior Court for reinstatement of the judgment of Stevens, J., revoking defendant's probation and activating a prison sentence of eighteen months.

Reversed and remanded.