STATE OF NORTH CAROLINA v. RUSSELL JEROME TOZZI

No. 869SC825

(Filed 3 March 1987)

1. **Criminal Law § 143.13— probation revocation—appeal—original judgment allegedly fatally defective—time for raising objection**

In a probation revocation proceeding there was no merit to defendant's contention that the original probationary judgment was fatally defective pursuant to N.C.G.S. § 15A-1301 because the caption on the original filed judgment misstated the file number in the indictment for breaking and entering,

larceny and possession of stolen goods, since the trial court imposed a suspended sentence and probation pursuant to N.C.G.S. § 15A-1342 and 15A-1343(b)(1) so that N.C.G.S. § 15A-1301 was inapplicable; furthermore, defendant could not raise on appeal an initial objection to a condition of probation, that sentencing and probation were based on a defective judgment, but was first required to object no later than the revocation hearing.

2. **Criminal Law § 143.5 — probation revocation hearing — State's burden of proof**

    The State's burden of proof during probation revocation hearings is to present evidence that reasonably satisfies the trial court in its discretion that defendant has violated a valid condition of probation, and the evidentiary standard and State's burden of proof applied to probation revocation hearings pursuant to N.C.G.S. § 15A-1345(e) are therefore not unconstitutionally indefinite.

3. **Criminal Law § 143.9 — probation revocation hearing — failure to report to probation officer — change of residence without permission**

    The trial court did not err by finding that defendant had violated valid conditions of his probation where the evidence showed that defendant chose not to seek permission from his probation officer as required before moving permanently from his authorized residence and chose not to appear at required probation meetings which he was otherwise able to attend.

APPEAL by defendant from *Hobgood, Judge.* Judgment entered 11 March 1986 in Superior Court, VANCE County. Heard in the Court of Appeals 13 January 1987.

On 11 July 1984, before Judge McLaughlin in Superior Court, Vance County, defendant pleaded guilty to burning a building used in trade or manufacture and breaking and entering and larceny. He was sentenced to fifteen years and ten years respectively, which sentences were suspended to probation for five years.

On 11 March 1986, Judge Hobgood, after considering and evaluating all the evidence including the evidence presented by defendant, revoked defendant's probation and activated an amended sentence of fifteen years for both convictions. At the hearing the trial court found as fact that defendant wilfully and without legal excuse violated the conditions of probation by (1) failing three times between December 1984 and May 1985 to report to his probation officer as instructed, and (2) leaving his authorized place of residence in Henderson, North Carolina around May 1985, and moving to an unknown address without the prior consent or knowledge of his probation officer as required.

During the revocation hearing, on 11 March 1986, defendant's probation officer James B. Powell, III, testified that he met with defendant several weeks before each of the missed meetings and instructed defendant to report. Powell said that defendant's authorized residence in Henderson, North Carolina, was three or four blocks from Powell's office, and noted that defendant had difficulties maintaining employment during probation. Powell further testified that from 1 May 1985 until December 1985, he did not know of defendant's whereabouts, and that as of 4 June 1985 defendant was $870.00 in arrears to the Vance County Superior Court for court costs, attorney fees, and supervision fees.

Defendant testified at the hearing that he resided five or six blocks from his probation officer's office in Henderson, North Carolina. He admitted that there were times when he failed to meet with his probation officer as instructed, but added that he was often out of town looking for work and therefore could not make the meetings. He further testified that he was arrested on numerous charges during probation, and admitted that he chose to leave Vance County and move to Raleigh without telling his probation officer.

From the judgment revoking probation and activating an amended fifteen year suspended sentence, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General David Ray Blackwell, for the State.*

*Hubbard, Galloway, and Cates, by Mark Galloway for defendant appellant.*

JOHNSON, Judge.

Defendant presents five Assignments of Error on the part of the trial court for revoking his probation and activating an amended fifteen year suspended sentence. We find no error in the trial court's judgment.

[1] Defendant's first two Assignments of Error raise the issue of whether the original judgment stands fatally defective pursuant to G.S. 15A-1301 because the caption on the original filed judgment misstated the file number in the indictment for breaking and entering, larceny, and possession of stolen goods. The file number on the indictment in question is 83CRS8053. The judg-

ment suspending sentence shows the file number of the indictment as 84CRS8053.

G.S. 15A-1301, which requires, *inter alia*, that an order of commitment include identification of the offense, provides "a blanket authorization for the preparation of orders of commitment when there is no other specific authorization," *see* Official Commentary to G.S. 15A-1301. The trial court, in its 11 July 1984 judgment, imposed a suspended sentence and probation pursuant to G.S. 15A-1342 and 15A-1343(b)(1). The judgment, therefore, was based on "other specific authorization," making G.S. 15A-1301 inapplicable.

Furthermore, defendant waived this exception by failing to object to the misstatement at the revocation hearing. G.S. 15A-1342(g) provides, *inter alia*, that defendant's failure to object to a condition of probation imposed pursuant to 15A-1343(b)(1) does not constitute a waiver of the right to object at a later time to that condition. In *State v. Cooper*, 304 N.C. 180, 183, 252 S.E. 2d 436, 439 (1981), the North Carolina Supreme Court held that defendants may not raise an initial objection to a condition of probation (here, that sentencing and probation were based on a defective judgment) on appeal, but must first object no later than the revocation hearing. The record on appeal in this case contains no written or oral objections by defendant raising the issue of a defect in the original judgment at the revocation hearing. Defendant waives on appeal any issues not presented at trial. *State v. Brown*, 33 N.C. App. 84, 234 S.E. 2d 32 (1977). *Cooper, supra*, therefore, requires us to reject defendant's first Assignment of Error as waived.

[2]  Defendant's next Assignment of Error raises the issue of whether the evidentiary standard and the State's burden of proof in probation revocation hearings as per G.S. 15A-1345(e) are indeterminate and therefore unconstitutional.

Defendant has waived appellate review of this issue by failing to contest the constitutionality of G.S. 15A-1345(e) at the probation revocation hearing. *See State v. Cooper, supra*. Nevertheless, we have held that evidence at a probation revocation hearing "need be such that reasonably satisfies the trial judge in the exercise of his sound discretion that the defendant has violat-

ed a valid condition on which the sentence was suspended." *State v. Freeman*, 47 N.C. App. 171, 175, 266 S.E. 2d 723, 725 (1980). In *Freeman, supra*, we held further that probation matters are "not governed by the rules of a criminal trial. Consequently, a jury is not required . . . nor must the proof of violation be beyond a reasonable doubt." *Id.* (citing *State v. Ducan*, 270 N.C. 241, 154 S.E. 2d 53 (1967) ). Because probation revocation hearings are not formal criminal proceedings requiring proof beyond a reasonable doubt, and the evidentiary standard therein is clear, we find that the State's burden of proof during probation revocation hearings is to present evidence that reasonably satisfies the trial court in its discretion that defendant has violated a valid condition of probation. We hold that the evidentiary standard and State's burden of proof applied to probation revocation hearings pursuant to G.S. 15A-1345(e) are not unconstitutionally indefinite.

[3] Defendant's last two Assignments of Error raise the issue of whether the trial court erred by failing to make findings of fact concerning the defendant's necessity to leave his authorized residence in order to find work.

Any violation of a valid condition of probation is sufficient to revoke defendant's probation. *State v. Freeman, supra*, at 176, 266 S.E. 2d at 725 (citing *State v. Braswell*, 283 N.C. 332, 196 S.E. 2d 185 (1973) ). All that is required to revoke probation is evidence satisfying the trial court in its discretion that the defendant violated a valid condition of probation without lawful excuse. *State v. Robinson*, 248 N.C. 282, 287, 103 S.E. 2d 376, 380 (1958). The burden is on defendant to present competent evidence of his inability to comply with the conditions of probation; and that otherwise, evidence of defendant's failure to comply may justify a finding that defendant's failure to comply was wilful or without lawful excuse. *State v. Crouch*, 74 N.C. App. 565, 567, 328 S.E. 2d 833, 835 (1985).

Defendant does not challenge the validity of the conditions of his probation. He testified in essence that the reason he left his authorized residence in Vance County permanently without first seeking permission from his probation officer as required was because he could not find gainful employment there, but could find such employment in Wake County. He further testified that

the reason he missed some of the required probation meetings was because he was job-hunting in other counties at these times.

Defendant's evidence shows that he was indeed able to appear for the required meetings as instructed, but instead chose to be elsewhere without notifying his probation officer. He failed to show why he was unable to first notify his probation officer that he wanted to move to Raleigh to find work. Defendant's choices are not lawful excuses; he could have been at the meetings as instructed, and could have requested permission to move to Raleigh, but chose to do otherwise. A person on probation "carries the keys to his freedom in his willingness to comply with the court's sentence." *State v. Robinson, supra*, at 285, 103 S.E. 2d at 379. Defendant has failed to meet his burden of putting on competent evidence of his inability to comply with certain conditions of probation in order to justify such non-compliance. The evidence shows he chose not to seek permission from his probation officer as required before moving permanently from his authorized residence and chose not to appear at required probation meetings that he was otherwise able to attend. We hold that the trial court did not err by finding as fact that defendant had violated valid conditions of his probation despite defendant's proffered reasons for his non-compliance. The trial court's judgment is

Affirmed.

Judges BECTON and PHILLIPS concur.