WYNN, Judge.
Defendant Michael Charles Dorman, II, appeals from judgments entered following his guilty plea to three counts of felonious breaking and entering and three counts of larceny after breaking and entering. Defendant contends the trial court committed plain error by imposing terms of probation without proper findings of fact. Defendant further argues the trial court erred by imposing a special condition of probation. For the reasons stated herein, we affirm the order of the trial court.
Upon Defendant's entry of his guilty plea, the trial court consolidated each breaking and entering offense with its corresponding larceny offense and imposed a single active term of ten to twelve months' imprisonment and two consecutive suspended sentences of like duration. For each of his suspended sentences, Defendant received sixty months of supervised probation. On 23 September 2003, Defendant filed a pro se notice of appeal dated 21 September 2003. Although the notice of appeal is untimely under N.C. R. App. P. 4(a)(2), we elect to treat Defendant's filing as a petition for writ of certiorari and will review the judgments pursuant to our discretionary authority under N.C. R. App. P. 21(a)(1).
Defendant first contends the trial court erred by imposing sixty-month terms of probation without the requisite findings of fact under section 15A-1343.2(d)(4) of the North Carolina General Statutes. Under section 15A-1343.2(d)(4), probation imposed as part of an intermediate punishment for a felony is limited to a range of eighteen to thirty-six months, "[u]nless the court makes specific findings that longer or shorter periods of probation are necessary[.]" N.C. Gen. Stat. § 15A-1343.2(d) (2003). Here, thetrial court announced at sentencing that "a longer period of probation is necessary and appropriate under North Carolina General Statutes 15A-1343.2(d)." Each of the judgments entered by the trial court included a finding that a term of probation longer than that which is specified in section 15A-1343.2(d) of the North Carolina General Statutes was necessary. Contrary to Defendant's assertion, no additional findings were required. See State v. Mucci, ___ N.C. ___, ___, 594 S.E.2d 411, 418 (2004) (remanding to "the trial court to either impose a probation term consistent with the statute or to make the appropriate finding of fact that a longer probationary period is necessary.") (emphasis added); State v. Cardwell, 133 N.C. App. 496, 509, 516 S.E.2d 388, 397 (1999) ("The trial court may either reduce Defendant's probation to the statutory period or may enter a finding that the longer period is necessary.) (emphasis added). We reject Defendant's argument in this regard.
Defendant next challenges the validity of the special condition of his probation that he "is not to have any contact with any children under the age of 18 without adult supervision." Defendant offered no objection to this condition at his plea hearing, as required to preserve an issue for appellate review under N.C. R. App. P. 10(b)(1). Although he purports to assign plain error, see N.C. R. App. P. 10(c)(4), it is well established"that plain error analysis applies only to jury instructions and evidentiary matters." State v. Wiley, 355 N.C. 592, 615, 565 S.E.2d 22, 39-40 (2002), cert. denied, 537 U.S. 1117, 154 L. Ed. 2d 795 (2003). Moreover, Defendant's brief to this Court contains no substantive analysis under the plain error standard. State v. Cummings, 352 N.C. 600, 637, 536 S.E.2d 36, 61 (2000), cert. denied, 532 U.S. 997, 149 L. Ed. 2d 641 (2001). Finally, our Supreme Court has held that a defendant must first challenge the conditions of his probation in the trial court before seeking appellate review thereof. State v. Cooper, 304 N.C. 180, 183, 282 S.E.2d 436, 439 (1981); see also State v. Tozzi, 84 N.C. App. 517, 520, 353 S.E.2d 250, 252 (1987) ("[D]efendants may not raise an initial objection to a condition of probation . . . on appeal, but must first object no later than the revocation hearing."). Accordingly, we dismiss this assignment of error. We note that Defendant's failure to object at sentencing does not bar him from later challenging the conditions of his probation in the trial court if he is charged with a violation. See N.C. Gen. Stat. § 15A-1342(g) (2003).
The judgments of the trial court are hereby,
Affirmed.
Judges TYSON and GEER concur.
Report per Rule 30(e).