STATE OF NORTH CAROLINA
v.
HASSOUMI SALOU HASSOUMIOU.
No. COA08-87
Court of Appeals of North Carolina
Filed October 21, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Lisa Bradley Dawson, for the State.
Kathleen Arundell Widelski, for defendant-appellant.
WYNN, Judge.
Ineffective assistance of counsel claims "brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required . . . ."[1] In this case, Defendant Hassoumi Hassoumiou argues that he received ineffective assistance of counsel("IAC") because his counsel acknowledged a language barrier, but failed to ensure that Defendant understood the proceedings. Because we cannot properly decide the merits of Defendant's IAC claim based on the record before us, this issue is dismissed without prejudice. However, as to Defendant's other assignments of error, we affirm. On 9 April 2007, Defendant pled guilty to a charge of possession with intent to sell and deliver cocaine. The trial court sentenced Defendant to six to eight months' imprisonment, but suspended the sentence and Defendant was placed on supervised probation for 36 months. On that same date, an intake probation officer learned that Defendant had absconded from another probation case. When the probation officer attempted to place Defendant into custody, Defendant ran out of his office.
On 23 April 2007, a probation violation report was filed alleging that Defendant violated his probation by (1) giving a bogus address to the intake probation officer and failing to notify the officer of his change in address and (2) failing to make his whereabouts known after running out of the probation office.
At the probation hearing held on 3 October 2007, defense counsel began by making a motion to continue so Defendant could obtain private counsel, which the trial court denied. Defense counsel then admitted the allegations on Defendant's behalf and did not present any evidence. However, defense counsel explained:
As near as I can piece the situation together, Your Honor, he did a 30-day sentence on a DWI. And . . . his plans were to live with his brother, and that's the address that he had put down that's listed on the violation report, Your Honor. In the interim, while he was in jail, his brother moved, so that address was simply not valid for him anymore. So the situation we have . . . he just got that crossed up. The absconding is the only violation listed on the report . . . . And I would ask the Court just to consider giving him another chance. . . . So there is a language problem, Judge Balog. I don't think it's severe enough that he cannot understand the proceedings if we talk, but I do think it causes him some problems in just sort of fitting in with how the world works and he sometimes  I think he sometimes gives the impression that he understands when he really doesn't.
The trial court asked Defendant if there was anything else he would like to say and Defendant responded, "I want to continue my probation. I don't mess up no more." The trial court found that Defendant had violated the terms of his probation as alleged in the violation report, revoked Defendant's probation, and activated his sentence.
On appeal, Defendant argues (I) he received ineffective assistance of counsel because his counsel acknowledged a language barrier but failed to ensure that Defendant understood the proceedings; (II) the trial court erred by failing to ensure he understood the proceedings and violations against him; (III) he did not receive written notice of the violations against him; (IV) the evidence was insufficient to support the trial court's conclusion that he violated his probation; and (V) the evidence failed to show that he received written notification of the conditions of his probation.

I.
Defendant first argues he received ineffective assistance of counsel because his counsel acknowledged a language barrier, but failed to ensure that Defendant understood the proceedings.
Regarding the direct appeal of IAC claims, our Supreme Court has stated: "IAC claims brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." State v. Fair, 354 N.C. 131, 166, 557 S.E.2d 500, 524 (2001).
In this case, whether defense counsel ensured that Defendant understood the proceedings is not a matter that can be decided on the "cold record" alone. The record does not contain any information regarding Defendant's ability to understand the English language or his understanding of the proceedings. The only evidence of a language barrier was defense counsel's statement that
there is a language problem, Judge Balog. I don't think it's severe enough that he cannot understand the proceedings if we talk, but I do think it causes him some problems in just sort of fitting in with how the world works and he sometimes  I think he sometimes gives the impression that he understands when he really doesn't.
Because we cannot properly decide the merits of Defendant's IAC claim based on the record before us, this issue is dismissed without prejudice to Defendant's right to raise this claim in a motion for appropriate relief ("MAR"). See id. at 167, 557 S.E.2d at 525 ("Accordingly, should the reviewing court determine that IAC claims have been prematurely asserted on direct appeal, it shall dismiss those claims without prejudice to the defendant's right to reassert them during a subsequent MAR proceeding.").

II.
Defendant next argues the trial court erred by failing to ensure that he understood the proceedings and violations against him after defense counsel indicated that there was a language barrier. We disagree.
"The decision of whether an interpreter is warranted in a particular case is a decision within the trial judge's discretion. It will not be reviewed absent a showing of abuse of discretion." State v. McLellan, 56 N.C. App. 101, 102, 286 S.E.2d 873, 875 (1982). An abuse of discretion occurs where the trial court's ruling "was so arbitrary that it could not have been the result of a reasoned decision."State v. Hayes, 314 N.C. 460, 471, 334 S.E.2d 741, 747 (1985) (citation omitted), rev'd on other grounds, 323 N.C. 306, 372 S.E.2d 704 (1988).
Here, although defense counsel stated "there is a language problem," he subsequently explained that "I don't think it's severe enough that [Defendant] cannot understand the proceedings if we talk[.]" Additionally, when the trial court asked Defendant if he had anything to say, Defendant stated "I want to continue my probation, I don't mess up no more[,]" indicating that he understood the court's question. Finally, the record demonstrates that Defendant had previously pled guilty to the underlying charge of possession with intent to sell or deliver cocaine, and had signed a plea agreement on which he answered "Yes," when asked if he was able to hear and understand the court. Although the trial court had the discretion to appoint an interpreter, Defendant has failed to show the trial court abused its discretion by failing to appoint one, especially given that Defendant failed to request an interpreter and was able to answer intelligibly when directly questioned by the trial court. This assignment of error is overruled.

III.
Defendant next argues that he did not receive written notice of the violations against him, in violation of the Constitution. However, "appellate courts will not pass upon a constitutional question unless it affirmatively appears that such question was raised and passed upon in the trial court." State v. Braswell, 283 N.C. 332, 336, 196 S.E.2d 185, 187-88 (1973) (citation omitted); see also N.C. R. App. P. 10(b)(1) ("In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context."). Because Defendant failed to raise this issue at the hearing, we cannot review it. This assignment of error is dismissed.

IV.
Defendant next argues that the evidence was insufficient to support the trial court's conclusion that he violated a valid condition of his probation. We disagree.
Probation may be revoked upon a finding by the trial court that a defendant violated one or more conditions of his probation. N.C. Gen. Stat. § 15A-1345 (2007). Formal rules of evidence do not apply to a probation revocation hearing, and an alleged violation does not need to be proven beyond a reasonable doubt. State v. Tozzi, 84 N.C. App. 517, 520-21, 353 S.E.2d 250, 252-53 (1987). The State need only present "evidence satisfying the trial court in its discretion that the defendant violated a valid condition of probation without lawful excuse." Id. at 521, 353 S.E.2d at 253. The burden is then on the defendant to show he was unable to comply with the conditions of his probation. Id.
In this case, the violation report alleged that Defendant violated his probation by failing to notify his probation officer of any change in address and failing to make his whereabouts known. At the probation revocation hearing, Defendant admitted the allegations against him and presented no evidence. Additionally, defense counsel stated that the address on the violation report "was simply not valid for [Defendant] anymore." Taken together, this evidence is sufficient to support the trial court's finding that Defendant violated his probation as alleged in the violation report. This assignment of error is overruled.

V.
In his final assignment of error, Defendant argues that the evidence failed to show that he received written notification of the conditions of his probation in violation of N.C. Gen. Stat. § 15A-1343(c). However, Defendant failed to raise this issue at the hearing. Thus, Defendant has failed to preserve this issue for appellate review. See State v. Joyner, 167 N.C. App. 635, 638, 606 S.E.2d 196, 198 (2004) ("[T]his Court will not consider arguments based upon matters not presented to or adjudicated by the trial tribunal."); N.C. R. App. P. 10(b)(1) ("In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context.").
Affirmed in part, dismissed in part without prejudice.
Chief Judge MARTIN and Judge HUNTER concur.
Report per Rule 30(e).
NOTES
[1] State v. Fair, 354 N.C. 131, 166, 557 S.E.2d 500, 524 (2001).