An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1227
NORTH CAROLINA COURT OF APPEALS

Filed: 20 May 2014

STATE OF NORTH CAROLINA

    v.

LISA STARNES MORGAN

Union County
Nos. 09 CRS 55490-94, 55496-98,
55500-01


Appeal by Defendant from judgments entered 14 June 2013 by Judge Christopher W. Bragg in Superior Court, Union County. Heard in the Court of Appeals 29 April 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Karissa J. Davan, for the State.*

> *Mary McCullers Reece for Defendant-Appellant.*

McGEE, Judge.

Lisa Starnes Morgan ("Defendant") appeals from judgments entered upon revocation of her probation. Defendant pleaded guilty to ten counts of obtaining a controlled substance by fraud on 17 February 2011. Defendant received suspended sentences of five to six months each, all of which were to run consecutively, and was placed on supervised probation for thirty-six months.

Defendant's probation officer filed violation reports in each of the ten cases on 31 January 2013. The reports alleged that Defendant violated her probation by: (1) being in arrears of the monetary conditions of her probation; and (2) committing multiple new criminal offenses.

A probation revocation hearing was held on 14 June 2013 and Defendant admitted to being in willful violation of her probation. The trial court revoked Defendant's probation and activated her suspended sentences.

Defendant timely filed written notice of appeal; however, the notice of appeal was not served upon the State and failed to properly identify the court to which the appeal was being taken. Defendant filed a petition for writ of certiorari on 6 November 2013 seeking review of the judgments entered, because her notice of appeal did not comply with Rule 4 of the North Carolina Rules of Appellate Procedure. In our discretion, we grant Defendant's petition for writ of certiorari and review her arguments.

Defendant argues the trial court abused its discretion by revoking her probation because the trial court was under the misapprehension of law that "each violation is, in and of itself, a sufficient basis upon which [a] court should revoke

probation and activate the suspended sentence." We are not persuaded.

As an initial matter, we note that Defendant committed some of her alleged probation violations prior to the 1 December 2011 effective date of the Justice Reinvestment Act ("JRA"), and some were committed after the effective date of the JRA. *See State v. Hunnicutt*, __ N.C. App. ___, ___, 740 S.E.2d 906, 911 (2013) (citing 2011 N.C. Sess. Laws 192, sec. 4.(d); 2011 N.C. Sess. Laws 412, sec. 2.5). Under the JRA, only certain violations of probation are sufficient to revoke a defendant's probation, including when a defendant commits a new offense. N.C. Gen. Stat. § 15A-1344(a) (2013). This provision differs from the prior law in this state under which "[a]ny violation of a valid condition of probation [wa]s sufficient to revoke [a] defendant's probation." *State v. Tozzi*, 84 N.C. App. 517, 521, 353 S.E.2d 250, 253 (1987). Because some of Defendant's alleged violations occurred prior to the effective date of the JRA and some occurred after the effective date, we must apply both the JRA and prior law.

The trial court found Defendant had violated her probation as alleged in the probation violation reports. Defendant argues the trial court erroneously applied the pre-JRA doctrine that

any violation of probation is sufficient to justify revocation. *Id.* at 521, 353 S.E.2d at 253. However, Defendant's conviction of a new criminal offense was a substantial factor in the trial court's decision to revoke her probation as shown by the trial court admonishing Defendant:

> THE COURT: Ms. Morgan, you were put on probation for ten counts, okay, of basically obtaining property -- obtaining controlled substance by fraud. And then in January of this year, you get another conviction for attempting to obtain controlled substance by fraud, which is basically the same thing that you're on probation for. All right. I can't ignore that. You're on probation, and you do the same thing again while you're on probation.

Under both the JRA and prior law, committing a criminal offense while on probation is a ground upon which a defendant's probation can be revoked. Consequently, it is immaterial whether we analyze Defendant's violations of her probation under the JRA or prior law. There is no indication that the trial court acted under a misapprehension of law. Accordingly, we conclude the trial court did not abuse its discretion by revoking Defendant's probation.

Affirmed.

Judges ELMORE and DAVIS concur.

Report per Rule 30(e).