IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA15-1051

 Filed: 1 March 2016

Catawba County, No. 13 CRS 056074, 056075

STATE OF NORTH CAROLINA

 v.

JAKECO JOHNSON

 Appeal by defendant from judgment entered 13 May 2015 by Judge Hugh B.

Lewis in Catawba County Superior Court. Heard in the Court of Appeals 10 February

2015.

 Attorney General Roy Cooper, by Assistant Attorney General Jason R. Rosser,
 for the State.

 Stephen G. Driggers for defendant-appellant.

 TYSON, Judge.

 Jakeco Johnson (“Defendant”) appeals from judgment and commitment upon

revocation of probation. We vacate the orders revoking Defendant’s probation and

remand for further proceedings.

 I. Background

 On 10 December 2014, Defendant appeared before the Catawba County

Superior Court and pled guilty, pursuant to an Alford plea, to discharge of a weapon

into occupied property and possession of a firearm by a convicted felon. In exchange,
 STATE V. JOHNSON

 Opinion of the Court

the State agreed to dismiss the charge of assault with a deadly weapon with intent

to kill.

 The court accepted Defendant’s plea. On the charge of discharge of a weapon

into occupied property, the court sentenced Defendant to 29 to 47 months

imprisonment. On the charge of possession of a firearm by a felon, the court

sentenced Defendant to 14 to 26 months imprisonment. Both sentences were

suspended while Defendant served 36 months of supervised probation. As an

additional condition of Defendant’s probation, he was ordered to submit to house

arrest with electronic monitoring for a period of 120 days.

 Defendant’s case was assigned to Probation Officer Joshua Benfield (“Officer

Benfield”). Over the course of his supervision of Defendant, Officer Benfield filed

three violation reports: two on 16 January 2015, and a third on 16 March 2015.

 One of the 16 January 2015 Violation Reports alleged Defendant had violated

the terms of his probation by: (1) willfully absconding; (2) using, possessing, or

controlling a controlled substance; (3) failing to report as directed by his probation

officer; and (4) failing to pay court costs. The second 16 January 2015 Violation

Report repeated the first three allegations, and additionally alleged: (1) Defendant

failed to pay different amounts of court costs; and (2) Defendant left his residence

while on house arrest several times spanning five days. The 16 March 2015 Violation

 -2-
 STATE V. JOHNSON

 Opinion of the Court

Report alleged Defendant had violated one condition of probation: making

unauthorized trips to unapproved locations while under house arrest.

 A revocation hearing was held 7 May 2015. Officer Benfield testified

concerning the factual basis undergirding the two 16 January 2015 and the 16 March

Violation Reports. Regarding the allegation asserting Defendant had absconded

contained in the two 16 January 2015 Violation Reports, Officer Benfield testified he

visited with Defendant at his residence on 12 January 2015 and informed Defendant

his first office visit would be the next day.

 Officer Benfield testified Defendant told him on 12 January 2015 that he would

not report for the office meeting scheduled for the following day. Officer Benfield

testified Defendant failed to report to the 9:00 a.m. meeting, despite receiving an

“electronic message” ordering him to report.

 At the hearing, Defendant testified he told Officer Benfield he did not have a

car, would not be able to find a ride to the probation office at 9:00 a.m., and asked if

he could meet at a later time. Officer Benfield rejected Defendant’s request, and

instructed him to arrive on time. At the hearing, Officer Benfield explained

probationers do not have a choice regarding attendance at meetings with their

probation officers.

 During Officer Benfield’s testimony, the following colloquy occurred:

 [Prosecutor]: Is there anything else regarding
 [Defendant] and his probation violations?

 -3-
 STATE V. JOHNSON

 Opinion of the Court

 [Officer Benfield]: None other than the regular condition
 of -- his regular conditions of probation, number five where
 it says “Not abscond by willfully avoiding supervision or
 making your whereabouts unknown.” I would believe that
 when he tells the probation officer that he has -- he is not
 coming to probation then that is willfully absconding.

 [Prosecutor]: Let me ask you a question regarding that. Is
 it willfully abscond or have your whereabouts unknown?

 [Officer Benfield]: That is correct.

 [Prosecutor]: So his willful absconding by not reporting
 that would be a violation of probation through your
 training and experience?

 [Officer Benfield]: That is correct.

On cross-examination, Officer Benfield admitted the electronic monitoring device

Defendant wore transmitted all of Defendant’s locations and movements to the

officer.

 At the close of the revocation hearing, the trial court concluded Defendant’s

“statement to [Officer Benfield] on [12 January 2015] that he wasn’t going to show

up” to his scheduled meeting on 13 January 2015 “satisfies the absconding by willfully

avoiding supervision” condition of probation. The court thereafter entered judgment

and revoked Defendant’s probation in each of Defendant’s sentences using a

preprinted form (“Form AOC-CR-607”).

 Defendant gave notice of appeal in open court.

 II. Issue

 -4-
 STATE V. JOHNSON

 Opinion of the Court

 Defendant’s sole argument is that the trial court erred by revoking his

probation and activating his suspended sentences. He argues the State failed to

prove a violation of the “absconding provision” of N.C. Gen. Stat. § 15A-1343(b)(3a).

 III. Standard of Review

 A hearing to revoke a defendant's probationary sentence “only requires that

the evidence be such as to reasonably satisfy the judge in the exercise of his sound

discretion that the defendant has willfully violated a valid condition of probation or

that the defendant has violated without lawful excuse a valid condition upon which

the sentence was suspended.” State v. Young, 190 N.C. App. 458, 459, 660 S.E.2d 574,

576 (2008) (citation and quotation marks omitted). “The judge’s finding of such a

violation, if supported by competent evidence, will not be overturned absent a

showing of manifest abuse of discretion.” Id. “Nonetheless, when a trial court’s

determination relies on statutory interpretation, our review is de novo because those

matters of statutory interpretation necessarily present questions of law.” Moore v.

Proper, 366 N.C. 25, 30, 726 S.E.2d 812, 817 (2012) (citations omitted).

 IV. “Absconding Provision” of N.C. Gen. Stat. § 15A-1343(b)(3a)

 Conditions of probation are set out in N.C. Gen. Stat. § 15A-1343. N.C. Gen.

Stat. § 15A-1343 (2015). Under North Carolina’s statutory scheme, sixteen “regular

conditions” of probation “apply to each defendant placed on supervised probation”

unless specifically exempted by the presiding judge when the sentence is imposed.

 -5-
 STATE V. JOHNSON

 Opinion of the Court

See N.C. Gen. Stat. §§ 15A-1343(b)(1)-(16). Included in the sixteen regular conditions,

as relevant here, a defendant must: (1) “Commit no criminal offense in any

jurisdiction;” (2) “Report as directed by the court or his probation officer to the officer

at reasonable times and places and in a reasonable manner;” and (3) “Not abscond by

willfully avoiding supervision or by willfully making the defendant’s whereabouts

unknown to the supervising probation officer, if the defendant is placed on supervised

probation.” N.C. Gen. Stat. §§ 15A-1343(b)(1), (b)(3), (b)(3a).

 In addition to the regular conditions of probation, a trial court imposing

community or intermediate punishment, including probation, may impose any of the

conditions provided in N.C. Gen. Stat. § 15A-1343(a1). As relevant here, the court

also imposed the additional condition of house arrest with electronic monitoring. N.C.

Gen. Stat. § 15A-1343(a1)(1).

 A. 2011 JRA Statutory Amendments

 In 2011, our General Assembly enacted N.C. Sess. Law 2011-192, known as

the Justice Reinvestment Act (“JRA”). The JRA was a “part of a national criminal

justice reform effort” which, among other changes, “made it more difficult to revoke

offenders’ probation and send them to prison.” Jeff Welty, Article:

Overcriminalization in North Carolina, 92 N.C.L. Rev. 1935, 1947 (2014).

 Prior to enactment of the JRA, a court could revoke probation and activate the

suspended sentence for any violation of the conditions of probation. See, e.g., State v.

 -6-
 STATE V. JOHNSON

 Opinion of the Court

Tozzi, 84 N.C. App. 517, 521, 353 S.E.2d 250, 253 (1987) (“Any violation of a valid

condition of probation is sufficient to revoke defendant’s probation.”). After

enactment of the JRA, however, a court may revoke probation and activate a

previously suspended sentence only in the three circumstances provided in N.C. Gen.

Stat. § 15A-1344(a). N.C. Gen. Stat. § 15A-1344(a) provides in relevant part:

 Authority to Alter or Revoke. - . . . The court may only
 revoke probation for a violation of a condition of probation
 under [N.C. Gen. Stat. §] 15A-1343(b)(1) or [N.C. Gen. Stat.
 §] 15A-1343(b)(3a), except as provided in [N.C. Gen. Stat.
 §] 15A-1344(d2). Imprisonment may be imposed pursuant
 to [N.C. Gen. Stat. §] 15A-1344(d2) for a violation of a
 requirement other than [N.C. Gen. Stat. §] 15A-1343(b)(1)
 or [N.C. Gen. Stat. §] 15A-1343(b)(3a).

N.C. Gen. Stat. § 15A-1344(a) (2015).

 Defendant argues the trial court could not revoke his probation and activate

the suspended sentences on both of the underlying judgments because the findings of

fact fail to show Defendant “absconded.” We consider each revocation in turn.

 B. Revocation in 13 CRS 056075 – Possession of a Firearm by a Felon

 The Form AOC-CR-607 the trial court used in case 13 CRS 056075 included,

inter alia, a “Findings” section. In the “Findings” section, the court found as fact that

“the condition(s) violated and the facts of each violation are as set forth . . . in

paragraph(s) 1-4 of the Violation Report or Notice dated 01/16/2015.” The court found

Defendant had “willfully and without valid excuse” committed the violations listed in

the 16 January 2015 Violation Reports.

 -7-
 STATE V. JOHNSON

 Opinion of the Court

 The court also checked a box on the form indicating it “may revoke

[Defendant’s] probation . . . for the willful violation of the condition(s) that he . . . not

commit any criminal offense, [N.C. Gen. Stat. §] 15A-1343(b)(1), or abscond from

supervision, [N.C. Gen. Stat. §] 15A-1343(b)(3a), as set out” in the “Findings” section.

Pursuant to the trial court’s order revoking probation in case 13 CRS 056075, the

findings of fact supporting the trial court’s revocation were contained in paragraphs

one through four of the 16 January 2015 Violation Reports.

 Defendant makes no argument the trial court erred in finding he violated

paragraphs two through four of the 16 January 2015 Violation Reports. The

violations found in paragraphs two through four could not result in revocation and

activation of the suspended sentence, unless the statutorily required process provided

by N.C. Gen. Stat. § 15A-1344(d2) has been completed, which is not the case here.

N.C. Gen. Stat. §§ 15A-1343(a1)(1); 15A-1343(b)(3), (b)(9), (b)(15); 15A-1344(a), (d2).

 Defendant argues the evidence, statutes, and case law do not support a

conclusion that he “absconded” in violation of N.C. Gen. Stat. § 15A-1343(b)(3a). The

only finding of fact which asserts Defendant absconded is contained in paragraph one

of the 16 January 2015 Violation Reports:

 Of the conditions of probation imposed [], [Defendant] has
 willfully violated: . . . Regular Condition of Probation: “Not
 to abscond, by willfully avoiding supervision or by willfully
 making the supervisee’s whereabouts unknown to the
 supervising probation officer” in that, THE DEFENDANT
 IS WILLFULLY AVOIDING SUPERVISION BY

 -8-
 STATE V. JOHNSON

 Opinion of the Court

 PROBATION. THE DEFENDANT TOLD PROBATION
 ON 01-12-2015 THAT HE WOULD NOT REPORT TO
 THE PROBATION OFFICE FOR HIS MONTH [sic]
 OFFICE VISIT ON 01-13-2015. THE DEFENDANT
 FAILED TO REPORT TO PROBATION ON 1-13-15.
 THEREFORE THE DEFENDANT IS ABSCONDING BY
 WILLFULLY AVOIDING SUPERVISION.

 In State v. Williams, ___ N.C. App. ___, 776 S.E.2d 741 (2015), this Court

discussed the statutory amendments made by the JRA, which limited a trial court’s

ability to revoke probation. The Court noted the JRA limited a trial court’s authority

to revoke probation to only those circumstances in which the probationer: (1) commits

a new crime in violation of N.C. Gen. Stat. § 15A-1343(b)(1); (2) absconds supervision

in violation of N.C. Gen. Stat. § 15A-1343(b)(3a); or (3) violates any condition of

probation after serving two prior periods of CRV [confinement in response to

violations] pursuant to N.C. Gen. Stat. § 15A-1344(d2). Id. at ___, 776 S.E.2d at 742.

“[U]nder these revised provisions, the trial court may only revoke probation if the

defendant commits a criminal offense or absconds[,] and may impose a ninety-day

period of confinement for a probation violation other than committing a criminal

offense or absconding.” State v. Tindall, 227 N.C. App. 183, 185, 742 S.E.2d 272, 274

(2013) (citation and internal quotation marks omitted)).

 The finding of fact in the trial court’s order revoking Defendant’s probation in

case 13 CRS 056075 alleges Defendant “absconded” when he told the officer he would

not report to the probation office and, in fact, did not report to the scheduled office

visit the following day. Under this Court’s precedents, these actions, while clearly a

 -9-
 STATE V. JOHNSON

 Opinion of the Court

violation of N.C. Gen. Stat. § 15A-1343(b)(3), are not a commission of a new crime in

violation of N.C. Gen. Stat. § 15A-1343(b)(1), and do not rise to “absconding

supervision” in violation of N.C. Gen. Stat. § 15A-1343(b)(3a).

 The policy decision on what conduct is sufficient to allow the court to revoke

probation and activate a suspended sentence was clearly changed by the General

Assembly upon its passage of the JRA in 2011. Compare N.C. Gen. Stat. § 15A-1344(a)

(2010) (allowing revocation of probation for a violation of any one or more conditions

of probation), with N.C. Gen. Stat. § 15A-1344(a) (2015) (allowing revocation of

probation only for a violation of a condition of probation under N.C. Gen. Stat. § 15A-

1343(b)(1) or N.C. Gen. Stat. § 15A-1343(b)(3a), except as provided in N.C. Gen. Stat.

§ 15A-1344(d2)).

 Our Supreme Court has stated “a statute should not be interpreted in a

manner which would render any of its words superfluous.” State v. Coffey, 336 N.C.

412, 417, 444 S.E.2d 431, 434 (1994) (citations omitted). Instead, “[w]e construe each

word of a statute to have meaning, where reasonable and consistent with the entire

statute, because it is always presumed that the legislature acted with care and

deliberation.” Id. at 418, 444 S.E.2d 431, 434 (citation omitted).

 Consistent with these principles of interpretation and this Court’s controlling

precedents in Williams and Tindall, “[w]e do not believe our General Assembly, in

amending the probation statutes, intended for [a] violation[]” of a condition of

 - 10 -
 STATE V. JOHNSON

 Opinion of the Court

probation other than N.C. Gen. Stat. § 15A-1343(b)(1) or N.C. Gen. Stat. § 15A-

1343(b)(3a) “to result in revocation, unless the requirements of N.C. Gen. Stat. § 15A-

1344(d2) have been met.” Williams, ___ N.C. App. at ___, 776 S.E.2d at 745.

 Under this standard, a defendant informing his probation officer he would not

attend an office visit the following day and then subsequently failing to report for the

visit, does not, without more, violate N.C. Gen. Stat. § 15A-1343(b)(3a) when these

exact actions violate the explicit language of a wholly separate regular condition of

probation which does not allow for revocation and activation of a suspended sentence.

N.C. Gen. Stat. § 15A-1343(b)(3); Williams, ___ N.C. App. at ___, 776 S.E.2d at 745.

 To hold otherwise would render portions of N.C. Gen. Stat. § 15A-1344(a)

superfluous. Allowing actions which explicitly violate a regular or special condition

of probation other than those found in N.C. Gen. Stat. § 15A-1343(b)(1) or N.C. Gen.

Stat. § 15A-1343(b)(3a) to also serve, without the State showing more, as a violation

of N.C. Gen. Stat. § 15A-1343(b)(1) or N.C. Gen. Stat. § 15A-1343(b)(3a) would result

in revocation of probation without following the mechanism the General Assembly

expressly provided in N.C. Gen. Stat. § 15A-1344(d2). Such a result would render

portions of the statutory language in N.C. Gen. Stat. § 15A-1344(a) wholly duplicative

and superfluous. Under a contrary interpretation of the statutory language, there

would have been no reason for the General Assembly to specifically list any statutes

in N.C. Gen. Stat. § 15A-1344(a), or to enact N.C. Gen. Stat. § 15A-1344(d2) to limit

 - 11 -
 STATE V. JOHNSON

 Opinion of the Court

the circumstances for which a court may revoke probation and activate a suspended

sentence.

 In 13 CRS 056075, the trial court found Defendant had absconded by informing

Officer Benfield he would not attend an office visit scheduled for the following

morning, and thereafter failing to attend the meeting. While Defendant’s actions

clearly violated the general condition of probation listed in N.C. Gen. Stat. § 15A-

1343(b)(3), such actions, without more, do not also allow the trial court to activate

Defendant’s suspended sentence for violation of N.C. Gen. Stat. § 15A-1343(b)(3a).

Defendant’s “whereabouts” were never “unknown” by Officer Benfield.

 While the positions of the officer and trial court are understandable, we are

bound by our precedents. Williams, ___ N.C. App. at ___, 776 S.E.2d at 745; Tindall,

227 N.C. App. at 185, 742 S.E.2d at 274. The statute does not allow the trial court to

revoke Defendant’s probation and activate the suspended sentence on the bases cited

in the judgment and order. Based upon the statute’s text, well-settled methods of

statutory construction, and this Court’s precedents in Williams and Tindall, we

vacate the trial court’s revocation of probation and activation of Defendant’s

suspended sentence in case 13 CRS 056075.

 C. Revocation in 13 CRS 056074 – Discharge of a Weapon into Occupied Property

 The “Findings” section of Form AOC-CR-607 in case 13 CRS 056074 states the

court found as fact that “the condition(s) violated and the facts of each violation are

 - 12 -
 STATE V. JOHNSON

 Opinion of the Court

as set forth. . . in Paragraph[] 1 of the Violation Report or Notice dated 03/16/2015.”

The court found Defendant had committed these violations “willfully and without

valid excuse.” As in case 13 CRS 056075, the court in case 13 CRS 056074 also

checked a box indicating it “may revoke [Defendant’s] probation. . . for the willful

violation of the condition(s) that he. . . not commit any criminal offense, [N.C. Gen.

Stat. §] 15A-1343(b)(1), or abscond from supervision, [N.C. Gen. Stat. §] 15A-

1343(b)(3a), as set out above.” Pursuant to the trial court’s order revoking probation

in case 13 CRS 056074, the sole finding of fact supporting the trial court’s revocation

was contained in paragraph one of the 16 March 2015 Violation Report.

 Paragraph one of the 16 March 2015 Violation Report states Defendant

“willfully violated” the condition of probation that he “[b]e assigned to the Electronic

House Arrest/Electronic Monitoring program for the specified period and obey all

rules and regulations of the program until discharge. . .” in that Defendant went to a

grocery store, a park, and an apartment complex before returning to his “home zone”

after leaving his attorney’s office on 16 February 2015. Paragraph one of the 16

March 2015 Violation Report also stated Defendant went to two stores and an

apartment complex after leaving the probation office on 3 March 2015. The 16 March

2015 Violation Report indicates all of these trips were “unapproved leaves” from

Defendant’s house arrest “and are all violations of electronic house arrest.”

 - 13 -
 STATE V. JOHNSON

 Opinion of the Court

 While these unauthorized trips clearly violate the special condition of

probation of house arrest with electronic monitoring, they do not constitute either the

commission of a new crime, in violation of N.C. Gen. Stat. § 15A-1343(b)(1), or

absconding supervision, in violation of N.C. Gen. Stat. § 15A-1343(b)(3a). Defendant

did not “abscond by willfully avoiding supervision” by making his whereabouts

unknown during these trips. N.C. Gen. Stat. § 15A-1343(b)(3a). Officer Benfield

testified he was able to monitor and keep continuous track of Defendant’s locations

and movements through the use of the electronic monitoring device Defendant wore.

 The trial court adopted the 16 March 2015 Violation Report as its findings of

fact. In doing so, the trial court found Defendant had violated the house arrest

condition of his probation. The General Assembly, in enacting the JRA, did not intend

to or explicitly include a violation of the rules and conditions of house arrest to serve,

without more, as a violation of N.C. Gen. Stat. § 15A-1343(b)(3a). See Williams, ___

N.C. App. at ___, 776 S.E.2d at 745.

 The trial court found Defendant “willfully and without valid excuse” committed

the violations as set forth in paragraph one of the 16 March 2015 Violation Report.

Paragraph one of the 16 March 2015 Violation Report did not state Defendant had

committed a new crime, and it did not state Defendant had willfully absconded. N.C.

Gen. Stat. §§ 15A-1343(b)(1), (b)(3a).

 - 14 -
 STATE V. JOHNSON

 Opinion of the Court

 N.C. Gen. Stat. § 15A-1344(a) does not authorize revocation based upon

violations of the rules and regulations of the electronic house arrest program unless

the requirements of N.C. Gen. Stat. § 15A-1344(d2) have been met. Under a faithful

reading of the statute and our precedents, neither of the permissible bases for

probation revocation has been shown by the evidence presented.

 The statute does not allow the trial court to revoke Defendant’s probation and

activate his suspended sentences based upon the findings of facts listed in the

judgment and commitment order. Based upon the current language of the statute

and this Court’s precedents, we vacate the trial court’s revocation of probation and

activation of Defendant’s suspended sentence in case number 13 CRS 056074.

 V. Conclusion

 As currently written, N.C. Gen. Stat. § 15A-1344(a) does not permit the trial

court to revoke Defendant’s probation and activate his suspended sentences on the

grounds set forth in its orders. Actions which violate N.C. Gen. Stat. § 15A-1343(b)(3)

or N.C. Gen. Stat. § 15A-1343(a1)(1), without the State showing more, may not also

serve as violations of N.C. Gen. Stat. §15A-1343(b)(3a). See Williams, ___ N.C. App.

at ___, 776 S.E.2d at 745.

 The interpretation advanced by the State would render portions of N.C. Gen.

Stat. § 15A-1344(a) superfluous. Applying the statute as written and this Court’s

binding precedents, the judgment and commitment in 13 CRS 056074 and 13 CRS

 - 15 -
 STATE V. JOHNSON

 Opinion of the Court

056075 are vacated. This case is remanded for further proceedings consistent with

this opinion.

 VACATED AND REMANDED.

 Judges CALABRIA and DAVIS concur.

 - 16 -