IN THE SUPREME COURT OF NORTH CAROLINA

 2022-NCSC-25

 No. 246PA21

 Filed 11 March 2022

 STATE OF NORTH CAROLINA

 v.
 JAMES GREGORY MEDLIN

 On writ of certiorari pursuant to N.C.G.S. § 7A-32(b) to review a divided

 decision of the Court of Appeals, 278 N.C. App. 345, 2021-NCCOA-313, holding no

 error in a judgment entered on 17 September 2019 by Judge Anna M. Wagoner in

 Superior Court, Cabarrus County. Heard in the Supreme Court on 14 February 2022.

 Joshua H. Stein, Attorney General, by William F. Maddrey, Assistant Attorney
 General, for the State-appellee.

 Sandra Payne Hagood, for defendant-appellant.

 PER CURIAM.

¶1 North Carolina General Statutes Section 15A-1343(a) reads, in its entirety, as

 follows:

 In General. — The court may impose conditions of
 probation reasonably necessary to insure that the
 defendant will lead a law-abiding life or to assist him to do
 so.

 N.C.G.S. § 15A-1343(a) (2021).

¶2 A challenged condition of probation imposed by a trial court is valid when it is
 STATE V. MEDLIN

 2022-NCSC-25

 Opinion of the Court

 reasonably related to a defendant’s offense and reasonably related to his

 rehabilitation. State v. Cooper, 304 N.C. 180, 184 (1981). In the absence of proof to

 the contrary, it is presumed that a trial court acted with proper discretion with

 respect to a condition of probation imposed by the trial court. State v. Smith, 233 N.C.

 68, 70 (1950). Further, the Court looks with favor upon the observation of the Court

 of Appeals that “[t]he [trial] court has substantial discretion in devising conditions

 under th[e] [probation statute].” State v. Harrington, 78 N.C. App. 39, 48 (1985).

¶3 In the present case, the trial court properly exercised its substantial discretion

 in devising and imposing special conditions of probation that were sufficiently

 reasonable in their relationship to defendant’s rehabilitation. Consequently, without

 proof to the contrary, there was no abuse of the discretion properly exercised here by

 the trial court in its specification of defendant’s special conditions of probation. In

 determining a defendant’s special conditions of probation and assuring their

 compatibility with one another as well as with the general conditions of probation, a

 trial court must exercise caution and vigilance to avoid inadvertent conflicts between

 and among the probationary conditions which are tailored for a defendant’s

 rehabilitation pursuant to N.C.G.S. § 15A-1343.

 AFFIRMED.