IN THE SUPREME COURT OF NORTH CAROLINA

2022-NCSC-25

No. 246PA21

Filed 11 March 2022

STATE OF NORTH CAROLINA

v.

JAMES GREGORY MEDLIN


On writ of certiorari pursuant to N.C.G.S. § 7A-32(b) to review a divided decision of the Court of Appeals, 278 N.C. App. 345, 2021-NCCOA-313, holding no error in a judgment entered on 17 September 2019 by Judge Anna M. Wagoner in Superior Court, Cabarrus County. Heard in the Supreme Court on 14 February 2022.

*Joshua H. Stein, Attorney General, by William F. Maddrey, Assistant Attorney General, for the State-appellee.*

*Sandra Payne Hagood, for defendant-appellant.*


PER CURIAM.

North Carolina General Statutes Section 15A-1343(a) reads, in its entirety, as follows:

> In General. — The court may impose conditions of probation reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so.

N.C.G.S. § 15A-1343(a) (2021).

A challenged condition of probation imposed by a trial court is valid when it is

reasonably related to a defendant's offense and reasonably related to his rehabilitation. *State v. Cooper*, 304 N.C. 180, 184 (1981). In the absence of proof to the contrary, it is presumed that a trial court acted with proper discretion with respect to a condition of probation imposed by the trial court. *State v. Smith*, 233 N.C. 68, 70 (1950). Further, the Court looks with favor upon the observation of the Court of Appeals that "[t]he [trial] court has substantial discretion in devising conditions under th[e] [probation statute]." *State v. Harrington*, 78 N.C. App. 39, 48 (1985).

In the present case, the trial court properly exercised its substantial discretion in devising and imposing special conditions of probation that were sufficiently reasonable in their relationship to defendant's rehabilitation. Consequently, without proof to the contrary, there was no abuse of the discretion properly exercised here by the trial court in its specification of defendant's special conditions of probation. In determining a defendant's special conditions of probation and assuring their compatibility with one another as well as with the general conditions of probation, a trial court must exercise caution and vigilance to avoid inadvertent conflicts between and among the probationary conditions which are tailored for a defendant's rehabilitation pursuant to N.C.G.S. § 15A-1343.

AFFIRMED.