NORTH CAROLINA DEPARTMENT OF REVENUE, Petitioner v.
THOMAS W. HUDSON, JR. and MARY J. HUDSON, Respondents

No. COA08-945

(Filed 5 May 2009)

**Taxation— qualified business income tax credits—amount taxpayer may claim in single taxable year—carryover to subsequent years**

Respondent taxpayers were entitled to carry over to 2001 and 2002 amounts of a qualified business income tax credit that had occured in 1999 and had exceeded $50,000 because: (1) when N.C.G.S. § 105-163.012(a) is read in conjunction with the plain language of N.C.G.S. § 105-163.011(b1), the statute provides that the $50,000 limitation imposed by § 105-163.011(b1) applies only to the amount a taxpayer may claim in a single taxable year; and (2) respondents were limited to a credit of $50,000 in the first year, but permitted to carry over the unused amount of the qualified business tax credit allocated to them in 1999 for up to five succeeding years.

Appeal by plaintiff from order entered 25 April 2008 by Judge A. Leon Stanback, Jr. in Superior Court, Wake County. Heard in the Court of Appeals 23 February 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Gregory P. Roney, for plaintiff-appellant.*

*Wyrick Robbins Yates & Ponton LLP, by K. Edward Greene, Charles George, and Tobias S. Hampson, for defendant-appellees.*

WYNN, Judge.

"Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning."[1] In this appeal, the North Carolina Department of Revenue argues that N.C. Gen. Stat. § § 105-163.011(b1) and 105-163.012(a) (1999) limit the maximum amount of qualified business income tax credit that an individual may claim based on one years' investment to $50,000. Because the plain language of the statute permits a taxpayer to carry over unused amounts of qualified business income tax credit, accrued in one year and in excess of $50,000, to subsequent years' tax filings, we affirm.

In 1999, Thomas W. Hudson, Jr. was a partner in two pass-through business entities, Raindrop Partners, LLC and Xanthon Partners, LLC. Raindrop Partners, LLC and Xanthon Partners, LLC were granted qualified business income tax credits in the amounts of $528,877.92 and $427,592.40 respectively, for investments made in 1999. Mr. Hudson received a total of $91,061 in tax credits pursuant to N.C. Gen. Stat. § 105-163.011, which allows an individual owner of a pass-through entity to receive a tax credit equal to the owner's allocated share of the business entity's credit. In filing their individual income tax return for the tax year 2000, Mr. and Mrs. Hudson claimed a qualified business income tax credit of $84,207, which was limited to $50,000 on their 2000 individual income tax return. The Hudsons carried over tax credits in the amount of $34,569 in 2001 and $6,478 in 2002.

On 29 September 2005, the Department of Revenue notified the Hudsons that the amounts in excess of $50,000 from their 1999 qualified business income tax credit could not be carried over to 2001 and

---

1. *Burgess v. Your House of Raleigh, Inc.*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990) (citation omitted).

2002. The Hudsons contested this decision on 26 October 2005, arguing that N.C. Gen. Stat. § 105-163.012(a) allows unused qualified business income tax credits to be carried forward for up to five succeeding years. On 26 June 2006, the Assistant Secretary for Administrative Tax Hearings of the Department of Revenue issued an opinion upholding the disallowance of the carryover tax credits. On a petition for review, the Tax Review Board reversed the decision of the Assistant Secretary and held that the Hudsons were entitled to the carryover tax credits taken on their 2001 and 2002 tax returns. On 24 April 2008, Department of Revenue appealed to the superior court, which upheld the decision of the Tax Review Board.

On appeal to this Court from the superior court's order, the Department of Revenue argues that the superior court erred in its interpretation of sections 105-163.011(b1) and 105-163.012(a) because section 105-163.011(b1) sets $50,000 as the maximum total amount of qualified business tax credit that an individual taxpayer may claim based on one years' investment. We disagree.

Our review of issues of statutory construction is *de novo. See, e.g., American Nat'l Ins. Co. v. Ingram*, 63 N.C. App. 38, 41, 303 S.E.2d 649, 651, *cert. denied*, 309 N.C. 819, 310 S.E.2d 348 (1983).[2] In our review, we must give a statute its plain meaning where the language of the statute is clear; however, where a statute is ambiguous or unclear as to its meaning, we must interpret the statute to give effect to the legislative intent. *See Martin v. N.C. HHS*, —— N.C. App. ——, ——, 670 S.E.2d 629, 632 (2009). Thus, the rules of construction are "relevant . . . only in those instances in which the interpretation of the statute is ambiguous or in doubt." *Realty Corp. v. Coble*, 291 N.C. 608, 612, 231 S.E.2d 656, 659 (1977). Because we find that the statutes at issue are unambiguous, we give effect to the plain meaning of their language.

Section 105-163.011(b1) provides "[t]he aggregate amount of credit *allowed* an individual for one or more investments *in a single taxable year* under this Part, whether directly or indirectly as owner of a pass-through entity, may not exceed fifty thousand dollars

---

2. While the Hudsons argue that Department of Revenue must show prejudice of a substantial right in order for this Court to affirm the decision of the Assistant Secretary, we disagree. The question before this Court is whether the superior court erred as a matter of law in interpreting sections 105-163.011(b1) and 105-163.012(a). *See Ingram*, 63 N.C. App. at 41, 303 S.E.2d at 651 ("When an appellate court is reviewing the decision of another court . . . the scope of review to be applied by the appellate court . . . is the same as it is for other civil cases. That is, we must determine whether the trial court committed any errors of law.").

($50,000)" (emphasis added). The Department of Revenue argues that section 105-163.011(b1) sets the maximum qualified business income tax credit allowed for all investments made in a single year at $50,000. However, this section does not use language indicating the $50,000 maximum is imposed on investments *made* in a single year. Rather, the statute provides that "[t]he aggregate amount of credit *allowed* an individual for one or more investments *in a single taxable year . . .* may not exceed fifty thousand dollars ($50,000)." § 105-163.011(b1) (emphasis added). When a legislative body " 'includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that [the legislative body] acts intentionally and purposely in the disparate inclusion or exclusion.' " *Rodriguez v. United States*, 480 U.S. 522, 525, 94 L. Ed. 2d 533, 537 (1987) (quoting *Russello v. United States*, 464 U.S. 16, 23, 78 L. Ed. 2d 17, 24 (1983)).

Moreover, the absence of words indicating a maximum limit for investments *made* in a single taxable year is significant because the General Assembly does refer to investments "made" in a calendar year elsewhere in the statute. For example, section 105-163.012(b) provides that "[t]he total amount of all tax credits allowed to taxpayers under G.S. 105-163.011 for investments *made* in a calendar year may not exceed six million dollars ($6,000,000)." N.C. Gen. Stat. § 105-163.012(b) (1999) (emphasis added). The plain meaning of § 105-163.011(b1) provides a $50,000 limit on the amount of qualified business income tax credit a taxpayer *may claim* in a single taxable year, rather than a $50,000 maximum on the total qualified business income tax credit allowed a taxpayer.

Further, section 105-163.012(a) provides:

> The credit allowed a taxpayer under G.S. 105-163.011 may not exceed the amount of income tax imposed by Part 2 of this Article for the taxable year reduced by the sum of all other credits allowable except tax payments made by or on behalf of the tax payer. The amount of unused credit allowed under G.S. 105-163.011 may be carried forward for the next five succeeding years. The fifty thousand dollar ($50,000) limitation on the amount of credit allowed a taxpayer under G.S. 105-163.011 does not apply to unused amounts carried forward under this subsection.

Both parties concede that section 105-163.012(a) permits an individual to "roll over" tax credits in surplus of his or her tax liability,

where the surplus has accumulated over a period of years to create a combined amount of total credits in excess of $50,000. However, the parties dispute the meaning of "unused credit." The Department of Revenue argues that section 105-163.012(a) only permits an individual to carry over unused amounts of the $50,000 maximum qualified business income tax credit allowable per year. According to the Department of Revenue, an individual would only be allowed to carry forward any unused portion of the maximum allowable $50,000; credits would be "unused" where the taxpayer's liability was less than the amount of the tax credit (up to $50,000) allowed in a particular tax year. This interpretation of section 105-163.012(a) is premised on the Department of Revenue's incorrect reading of section 105-163.011(b1), discussed *infra*, which interprets the statute as setting a $50,000 maximum on the total qualified business income tax credit allowed a taxpayer per one years' investment.

When section 105-163.012(a) is read in conjunction with the plain language of section 105-163.011(b1), the statute provides that the $50,000 limitation imposed by section 105-163.011(b1) applies only to the amount a taxpayer may claim in a single taxable year. Accordingly, the Hudsons were limited to a credit of $50,000 in the first year, but permitted to carry over the unused amount of the qualified business income tax credit allocated to them in 1999 for up to five succeeding years.

In sum, we uphold the superior court's affirmance of the Tax Review Board's decision that the Hudsons' claims of qualified business income tax credits of $34,569 in 2001 and $6,478 in 2002 were consistent with the plain language of sections 105-163.011(b1) and 105-163.012(a).

Affirmed.

Chief Judge MARTIN and Judge ERVIN concur.