STATE OF NORTH CAROLINA
v.
LEO ROMERO

No. COA12-1499

Filed 16 July 2013

**Appeal and Error—preservation of issues—confinement in response to violation—no statutory right of appeal—failure to raise issue at revocation hearing**

Defendant's appeal in a drugs case from the trial court's orders modifying the terms of his probation and imposing confinement in response to violation (CRV) for a period of 90 days was dismissed. Defendant did not have a statutory right to appeal from the trial court's imposition of CRV. Further, defendant waived the issue of the validity of the community service requirement since he failed to contest it at any point during the revocation hearing.

Appeal by Defendant from orders entered 13 August 2012 by Judge Thomas H. Lock in Johnston County Superior Court. Heard in the Court of Appeals 10 April 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Micheal E. Butler, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defenders John F. Carella and Benjamin Dowling-Sendor, for Defendant.*

DILLON, Judge.

Leo Romero (Defendant) appeals from the trial court's orders modifying the terms of his probation and imposing Confinement in Response to Violation (CRV) for a period of 90 days pursuant to N.C. Gen. Stat. § 15A-1344(d2) (2011). We hold that Defendant has no right to appeal from these orders, and, accordingly, we dismiss Defendant's appeal for lack of jurisdiction.

## I. Factual & Procedural Background

On 23 September 2011, Defendant pled guilty pursuant to a plea agreement to two counts of trafficking in opiates and one count of maintaining a place to keep controlled substances. The court sentenced Defendant to 18 to 22 months imprisonment for the opiate trafficking convictions and to an additional 6 to 8 months imprisonment for the remaining conviction. Both sentences were suspended, however, and Defendant was placed on supervised probation for a period of 24 months, including 6 months of intensive supervision. As part of the intensive supervision, Defendant was required by the Division of Community Corrections to perform 50 hours of community service.

On 14 June 2012, Defendant's probation officer filed reports alleging that Defendant had violated the terms of his probation. Following a hearing on 6 August 2012, the trial court determined that Defendant had "willfully and without valid excuse" violated two conditions of his probation; namely, that (1) Defendant had failed to comply with his community service requirement and that (2) Defendant had failed to report to meetings with his probation officer. As a consequence of these violations, the trial court entered orders requiring that Defendant be incarcerated for a period of 90 days. From these orders, Defendant appeals.

## II. Analysis

The State has filed a motion to dismiss this appeal, contending that Defendant has no statutory right to appeal from an order modifying the terms of probation and imposing CRV. Defendant counters that the trial

court's orders are final judgments and are thus appealable under N.C. Gen. Stat. § 7A-27(b) (2011), a provision which permits an appeal "of right" to this Court "[f]rom any final judgment of a superior court."

"In North Carolina, a defendant's right to appeal in a criminal proceeding is purely a creation of state statute." *State v. Pimental,* 153 N.C. App. 69, 72, 568 S.E.2d 867, 869 (2002). N.C. Gen. Stat. § 15A-1347 (2011) grants a defendant the right to appeal from a determination that he has violated the terms of his probation where either (1) his sentence is activated or (2) special probation is imposed:

> When a superior court judge, as a result of a finding of a violation of probation, *activates a sentence* or *imposes special probation,* either in the first instance or upon a de novo hearing after appeal from a district court, the defendant may appeal under G.S. 7A-27.

*Id.* (emphasis added). Construing this provision, this Court has held that a defendant does not have the right to appeal from an order that merely modifies the terms of probation where the "[d]efendant's sentence was neither activated nor was it modified to 'special probation.' " *State v. Edgerson,* 164 N.C. App. 712, 714, 596 S.E.2d 351, 353 (2004). The issue presented is whether the trial court's imposition of CRV pursuant to section 15A-1344(d2) constituted an activation of Defendant's sentence, thereby triggering a right to appeal under section 15A-1347.

"The primary rule of construction of a statute is to ascertain the intent of the legislature and to carry out such intention to the fullest extent." *Burgess v. Your House of Raleigh, Inc.,* 326 N.C. 205, 209, 388 S.E.2d 134, 137 (1990). "[W]here a statute is ambiguous or unclear as to its meaning, we must interpret the statute to give effect to the legislative intent." *N.C. Dept. of Rev. v. Hudson,* 196 N.C. App. 765, 767, 675 S.E.2d 709, 711 (2009).

Section 15A-1344(d2) was enacted in 2011 as part of the Justice Reinvestment Act. Under this Act, for probation violations other than those in which a defendant commits a criminal offense or "abscond[s], by willfully avoiding supervision or by willfully making [his] whereabouts unknown to the supervising probation officer[,]" the trial court may not revoke probation, but instead may impose CRV for a period of 90 days for a felony offender or "up to 90 days" for a misdemeanor offender. *Id.*; N.C. Gen. Stat. § 15A-1343(b)(1),(3a) (2011). If a defendant has already received two CRV's, then the trial court may revoke probation. N.C. Gen. Stat. § 15A-1344(d2). Notably, however, the Act does not explicitly provide for a right to appeal from an order imposing CRV. We

must, therefore, determine whether our General Assembly intended for the imposition of CRV to be appealable under section 15A-1347.

Section 15A-1347 is entitled "Appeal from revocation of probation or imposition of special probation upon violation." This plain language indicates that the General Assembly did not intend to provide for a right to appeal under section 15A-1347 upon the imposition of confinement unless the confinement was an activation of the defendant's sentence resulting from a "revocation of probation" or the confinement was part of the imposition of special probation. The mandate set forth in section 15A-1344(d2) that a trial court is not empowered to revoke probation – with limited exceptions not applicable here – until after a defendant has received two CRV's plainly indicates that CRV in and of itself is not to be considered a revocation of probation.[1]

Further, we do not believe that the General Assembly intended that an imposition of CRV be considered the imposition of special probation. The language which provides for the imposition of CRV is set forth in a separate subsection from the language which provides for the imposition of special probation. Specifically, the language providing for the imposition of CRV is found in subsection (d2) of N.C. Gen. Stat. § 15A-1344 with the heading "Confinement in Response for Violation," whereas the language providing for the imposition of special probation is found in subsection (e) with the heading "Special Probation in Response to Violation." Accordingly, we hold that Defendant does not have a statutory right to appeal from the trial court's imposition of CRV, and the instant appeal must be dismissed.

Additionally, we note that Defendant puts forth an argument, which, in substance, contends that the community service condition of his probation was never properly imposed and, therefore, could not have served as a basis for the court's finding that he had violated his probation. Our review of the record, however, reveals that Defendant did not contest the validity of the community service requirement at any point during the revocation hearing. Defendant has, therefore, waived

---

1. We note that N.C. Gen. Stat. § 15A-1344(d2) provides, in part, that "[i]f the time remaining on the defendant's maximum imposed sentence is less than 90 days, then the term of confinement is for the remaining period of the sentence." Citing this language, Defendant points out that if he had had less than 90 days remaining on his sentence at the time of his confinement, then the CRV would have constituted a *de facto* revocation of his probation, thereby "activating" his sentence and triggering a right to appeal under N.C. Gen. Stat. § 15A-1347. We decline to express any opinion on the issue of whether CRV under such a circumstance would constitute a *de facto* revocation, as the time remaining on Defendant's maximum imposed sentence far exceeds 90 days.

this challenge. *State v. Cooper*, 304 N.C. 180, 183, 282 S.E.2d 436, 439 (1981) (holding that a defendant seeking to challenge the validity of a probation condition must do so "no later than the hearing at which his probation is revoked"); *State v. Tozzi*, 84 N.C. App. 517, 520, 353 S.E.2d 250, 252 (1987) (recognizing that "defendants may not raise an initial objection to a condition of probation . . . on appeal").

Accordingly, this Court lacks jurisdiction over Defendant's appeal.

DISMISSED.

Judges CALABRIA and ERVIN concur.