IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA15-49

 Filed: 15 September 2015

Vance County, No. 14 CRS 350

STATE OF NORTH CAROLINA,

 v.

LOGAN WILLIAMS, Defendant.

 Appeal by Defendant from judgment entered 28 August 2014 by Judge R. Allen

Baddour, Jr. in Superior Court, Vance County. Heard in the Court of Appeals 12

August 2015.

 Attorney General Roy Cooper, by Assistant Attorney General Ann Stone, for the
 State.

 Peter Wood for Defendant.

 McGEE, Chief Judge.

 Logan Williams (“Defendant”) was placed on supervised probation on 15

January 2014 after pleading guilty to possession with intent to sell heroin. A

probation violation report (“the report”) was filed on 9 July 2014, alleging that

Defendant had violated seven conditions of his probation, including, inter alia,

leaving the jurisdiction without permission, failing to report as ordered for scheduled

office contacts, changing his address without informing his probation officer, and

absconding. A probation revocation hearing (“the hearing”) was conducted on 28

August 2014.
 STATE V. WILLIAMS

 Opinion of the Court

 Defendant’s probation officer (or “the probation officer”) testified at the hearing

that, on 27 May 2014, when she went to the address Defendant had given as his

residence, a woman informed her that Defendant had been “back and forth” to the

address but had “never really lived at [the] address[.]” Defendant’s probation officer

testified the woman informed her that Defendant had been going back and forth from

North Carolina to New Jersey. The probation officer further testified that Defendant

did not show up for a scheduled appointment on 16 June 2014, and did not respond

to a message left on 16 June 2014 requiring him to come to her office on 17 June 2014.

Defendant called the probation officer on 23 June 2014 and left a message. The

probation officer talked to Defendant on 24 June 2014 and told him to show for an

appointment on 1 July 2014. Defendant failed to attend the 1 July 2014 appointment,

but answered the phone when the probation officer called him that evening. The

probation officer advised Defendant that he had to come by her office the next day, 2

July 2014. Defendant failed to make that appointment, and the probation officer

testified that, when she called Defendant, he said he was in New Jersey.

 The probation officer obtained an order for Defendant’s arrest and informed

Defendant that he was required to show up at the probation office on 8 July 2014 at

4:00 p.m. Defendant arrived at the probation office at 3:30 p.m. on 8 July 2014. The

probation officer testified that Defendant “admitted to going back and forth to . . .

New Jersey, and [that she] just couldn’t locate him and he wasn’t making himself

 -2-
 STATE V. WILLIAMS

 Opinion of the Court

available for supervision.” The trial court found that Defendant had violated all

seven of the conditions alleged in the report and activated Defendant’s sentence on

28 August 2014. Defendant appeals.

 Defendant argues the trial court erred by revoking his probation because the

State failed to prove a violation of the absconding provision in N.C. Gen. Stat. § 15A–

1343(b). We agree.

 Defendant does not argue that the trial court erred in finding he violated

sections two through seven of the report. Defendant only argues that the evidence

and law does not support a conclusion that he absconded. This matter is controlled

by N.C. Gen. Stat. §§ 15A-1343 and 15A-1344.

 The enactment of the JRA [the Justice Reinvestment Act
 of 2011] brought two significant changes to North
 Carolina’s probation system. First, for probation violations
 occurring on or after 1 December 2011, the JRA limited
 trial courts’ authority to revoke probation to those
 circumstances in which the probationer: (1) commits a new
 crime in violation of N.C. Gen. Stat. § 15A–1343(b)(1); (2)
 absconds supervision in violation of N.C. Gen. Stat. § 15A–
 1343(b)(3a); or (3) violates any condition of probation after
 serving two prior periods of CRV [confinement in response
 to violations] under N.C. Gen. Stat. § 15A–1344(d2). See
 N.C. Gen. Stat. § 15A–1344(a). For all other probation
 violations, the JRA authorizes courts to alter the terms of
 probation pursuant to N.C. Gen. Stat. § 15A–1344(a) or
 impose a CRV in accordance with N.C. Gen. Stat. § 15A–
 1344(d2), but not to revoke probation. Id.

 Second, “the JRA made the following a regular condition of
 probation: ‘Not to abscond, by willfully avoiding
 supervision or by willfully making the defendant’s

 -3-
 STATE V. WILLIAMS

 Opinion of the Court

 whereabouts unknown to the supervising probation
 officer.’”

State v. Nolen, __ N.C. App. __, __, 743 S.E.2d 729, 730 (2013) (citations omitted). A

trial court may no longer revoke a defendant’s probation for a probation violation,

unless that violation is committing a new crime or absconding, or unless the violation

follows two prior periods of confinement in response to violations (“CRV”). Id. In its

brief, the State does not argue that Defendant absconded, but simply states that “the

[trial] court was reasonably satisfied in its discretion that [ ] Defendant violated the

conditions of his probation and that the violations were willful and without lawful

excuse.” The State argues:

 [W]here the trial court is reasonably satisfied that a
 [d]efendant has willfully violated a valid condition of his
 probation without lawful excuse, it is within the court’s
 discretion to revoke [d]efendant’s probationary sentence
 and invoke the active sentence. State v. Freeman, 47 N.C.
 App. 171, 175, 266 S.E.2d 723, 725 (1980).

As indicated in Nolen, this is no longer a correct statement of the law for violations

occurring on or after 1 December 2011. Nolen, __ N.C. App.at __, 743 S.E.2d at 730;

State v. Kornegay,__ N.C. App.__, __, 745 S.E.2d 880, 882-83 (2013). In the case before

us, the trial court could only revoke Defendant’s probation if it found that Defendant

had absconded in violation of N.C. Gen. Stat. § 15A-1343(b)(3a).

 The report contains the following relevant alleged probation violations:

 1. Regular Condition of Probation: “Not to abscond, by
 willfully avoiding supervision or by willfully making the

 -4-
 STATE V. WILLIAMS

 Opinion of the Court

supervisee’s whereabouts unknown to the supervising
probation officer” in that, THE DEFENDANT IS NOT
REPORTING AS INSTRUCTED OR PROVIDING THE
PROBATION OFFICER WITH A VALID ADDRESS AT
THIS TIME. THE DEFENDANT IS ALSO LEAVING
THE STATE WITHOUT PERMISSION. DUE TO THE
DEFENDANT KNOWINGLY AVOIDING THE
PROBATION OFFICER AND NOT MAKING HIS TRUE
WHEREABOUTS KNOWN THE DEFENDANT HAS
ABSCONDED SUPERVISION.”

....

4, “Report as directed by the [c]ourt, [c]ommission or the
supervising officer to the officer at reasonable times and
places . . .” in that THE DEFENDANT FAILED TO
REPORT FOR SCHEDULED OFFICE CONTACTS ON
MARCH 3, 2014 AT 1500, APRIL 3, 2014 AT 1600, APRIL
8, 2014 AT 4PM AND MAY 8, 2014 AT 1500. THE
DEFENDANT FAILED TO BE HOME FOR A
SCHEDULED HOME CONTACT ON MAY 27, 2014.

5. Condition of Probation “. . . obtain prior approval from
the officer for, and notify the officer of, any change in
address . . .” in that ON OR ABOUT APRIL 13, 2014, THE
DEFENDANT LEFT HIS RESIDENCE OF 1735 SPRING
VALLEY LAKE ROAD, HENDERSON, NC AND HE HAS
NOT MADE HIS PROBATION OFFICER AWARE.

....

7. Condition of Probation “Remain within the jurisdiction
of the [c]ourt unless granted written permission to leave by
the [c]ourt or the probation officer” in that ON OR ABOUT
MAY 28, 2014, THE PROBATION OFFICER WAS MADE
AWARE THAT THE DEFENDANT HAD BEEN
TRAVELING TO NEW JERSEY.

 -5-
 STATE V. WILLIAMS

 Opinion of the Court

 N.C. Gen. Stat. § 15A-1343 sets forth the regular conditions of probation and

states in relevant part:

 (b) Regular Conditions. – As regular conditions of
 probation, a defendant must:

 (1) Commit no criminal offense in any jurisdiction.

 (2) Remain within the jurisdiction of the court unless
 granted written permission to leave by the court or his
 probation officer.

 (3) Report as directed by the court or his probation
 officer to the officer at reasonable times and places and
 in a reasonable manner, permit the officer to visit him
 at reasonable times, answer all reasonable inquiries by
 the officer and obtain prior approval from the officer for,
 and notify the officer of, any change in address or
 employment.

 (3a) Not abscond by willfully avoiding supervision or by
 willfully making the defendant’s whereabouts unknown
 to the supervising probation officer, if the defendant is
 placed on supervised probation.

N.C. Gen. Stat. § 15A-1343 (2013). “Regular conditions of probation apply to each

defendant placed on supervised probation unless the presiding judge specifically

exempts the defendant from one or more of the conditions in open court and in the

judgment of the court.” N.C. Gen. Stat. § 15A-1343(b). “The court may only revoke

probation for a violation of a condition of probation under G.S. 15A-1343(b)(1) or G.S.

15A-1343(b)(3a), except as provided in G.S. 15A-1344(d2). Imprisonment may be

imposed pursuant to G.S. 15A-1344(d2) for a violation of a requirement other than

 -6-
 STATE V. WILLIAMS

 Opinion of the Court

G.S. 15A-1343(b)(1) or G.S. 15A-1343(b)(3a).” N.C. Gen. Stat. § 15A-1344(a) (2013)

(emphasis added).

 The form for judgment and commitment upon revocation of probation in effect

on 28 August 2014 included five sections. The third section had a subsection to

indicate which conditions of probation Defendant violated. In its judgment and

commitment, the trial court indicated that Defendant had violated all seven

conditions included in the report. The fourth section included a box to check if the

trial court concluded that “[e]ach violation is, in and of itself, a sufficient basis upon

which [the trial court] should revoke probation and activate the suspended sentence.”

The trial court checked this box. However, only the first alleged violation in the

report, absconding, could potentially constitute an offense for which Defendant’s

probation could be revoked.1

 Because the alleged violations occurred after 1 December 2011, the trial court

was required to check all boxes in section five that applied. Section five of the

judgment form stated:

 5. (NOTE TO COURT: This finding is required when
 revoking probation for violations occurring on or after

 1 The third alleged violation, testing positive for marijuana in February and March of 2014 in
violation of the condition not to use or possess illegal drugs, was not presented in the violation report
as a violation of N.C. Gen. Stat. § 15A–1343(b)(1). See State v. Tindall, __ N.C. App. __, __, 742 S.E.2d
272, 275 (2013) (“although defendant received notice that she violated conditions of her probation, by
using illegal drugs and failing to comply with treatment requirements, such violations do not support
a revocation of her probation”).

 -7-
 STATE V. WILLIAMS

 Opinion of the Court

 December 1, 2011.) The Court may revoke defendant’s
 probation (check all that apply):

 a. for the willful violation of the condition(s) that he/she
 not commit any criminal offense. G.S. 15A-1343(b)(1),
 or abscond from supervision, G.S. 15A-1343(b)(3a), as
 set out above.

 b. because the defendant twice previously has been
 confined in response to violation under G.S. 15A-
 1344(d2).

There was a box to the left of the “5.” that was checked in this case. There were boxes

to the left of both “a.” and “b.” for the trial court to check to indicate whether probation

was revoked for either: “a.” committing a new criminal offense, N.C. Gen. Stat. § 15A-

1343(b)(1), or absconding, N.C. Gen. Stat. § 15A-1343(b)(3a), or for “b.,” a violation

following two previous confinements pursuant to N.C. Gen. Stat. § 15A-1344(d2).

Neither of those boxes were checked and therefore the judgment did not include a

specific finding that Defendant violated N.C. Gen. Stat. § 15A-1343(b)(3a), the

statutory absconding provision. See State v. Jordan, __ N.C. App. __, 772 S.E.2d 13

(2015) (unpublished).

 At the hearing, the trial court concluded: “The [c]ourt finds [ ] Defendant in

willful violation of the terms and conditions of probation, and his probation is revoked

and his sentence is activated.” The trial court did not indicate which specific

violations it was finding, and did not reference N.C. Gen. Stat. § 15A-1343.

 -8-
 STATE V. WILLIAMS

 Opinion of the Court

 The report alleged that “[D]efendant failed to report for scheduled office

contacts on March 3, 2014 at 1500, April 3, 2014 at 1600, April 8, 2014 at 4pm and

May 8, 2014 at 1500. [D]efendant failed to be home for a scheduled home contact on

May 27, 2014.” It further alleged that “[o]n or about April 13, 2014, [D]efendant left

his residence of 1735 Spring Valley Lake Road, Henderson, NC and he has not made

his probation officer aware.” The report alleged that “[o]n or about May 28, 2014, the

probation officer was made aware that [D]efendant had been traveling to New

Jersey.” Though the report did not specifically allege that Defendant violated any of

the provisions of N.C. Gen. Stat. § 15A-1343(b), the allegations track language found

in N.C. Gen. Stat. §§ 15A-1343(b)(2) and (3). It is clear that, pursuant to N.C. Gen.

Stat. § 15A-1344(a), Defendant’s probation could not be revoked for those violations

alone. Nolen, __ N.C. App.at __, 743 S.E.2d at 730.

 In support of the first alleged violation, “[n]ot to abscond,” the report stated

that “[D]efendant is not reporting as instructed or providing the probation officer with

a valid address at this time. Defendant is also leaving the state without permission.

Due to [D]efendant knowingly avoiding the probation officer and not making his true

whereabouts known [D]efendant has absconded supervision.” This alleged violation

is simply a re-alleging of the above alleged violations related to N.C. Gen. Stat. §§

15A-1343(b)(2) and (3). “[U]nder these revised provisions, the trial court ‘may only

revoke probation if the defendant commits a criminal offense or absconds[,]’ and may

 -9-
 STATE V. WILLIAMS

 Opinion of the Court

‘impose a ninety-day period of confinement for a probation violation other than

committing a criminal offense or absconding.’” Tindall, __ N.C. App.at __, 742 S.E.2d

at 274 (citation and quotation marks omitted). We do not believe our General

Assembly, in amending the probation statutes, intended for violations of N.C. Gen.

Stat. §§ 15A-1343(b)(2) and (3) to result in revocation, unless the requirements of

N.C. Gen. Stat. § 15A-1344(d2) have been met.

 When a defendant under supervision for a felony conviction
 has violated a condition of probation other than G.S. 15A-
 1343(b)(1) or G.S. 15A-1343(b)(3a), the court may impose a
 period of confinement of 90 consecutive days. The court
 may not revoke probation unless the defendant has
 previously received a total of two periods of confinement
 under this subsection. A defendant may receive only two
 periods of confinement under this subsection.

N.C. Gen. Stat. § 15A-1344(d2);2 Nolen, __ N.C. App. at __, 743 S.E.2d at 731

(“Although the probation officer used the term ‘absconding’ to describe Defendant’s

non-compliance with the regular condition of probation under N.C. Gen. Stat. § 15A–

1343(b)(2) (requiring the defendant to ‘[r]emain within the jurisdiction of the Court

unless granted written permission to leave’), the trial court’s limited revoking

authority under the JRA does not include this section 15A–1343(b)(2) condition.”); see

also State v. Romero, __ N.C. App. __, __, 745 S.E.2d 364, 366 (2013) (“Under this Act,

for probation violations other than those in which a defendant commits a criminal

 2 N.C. Gen. Stat. § 15A-1344(d2) has been amended in a manner that would not affect our
holding. The amendments will apply to persons placed on probation on or after 1 December 2015.

 - 10 -
 STATE V. WILLIAMS

 Opinion of the Court

offense or ‘abscond[s], by willfully avoiding supervision or by willfully making [his]

whereabouts unknown to the supervising probation officer[,]’ the trial court may not

revoke probation, but instead may impose CRV for a period of 90 days for a felony

offender or ‘up to 90 days’ for a misdemeanor offender.”); State v. Johnson, __ N.C.

App. __, __, 754 S.E.2d 259, 2014 WL 220755, at *1 (2014) (unpublished) (“For all

other probation violations, a trial court has authority to alter the conditions of

probation or impose a period of CRV, but does not have authority to revoke probation.

N.C. Gen. Stat. §§ 15A–1344(a), (d2).”).

 Although the report alleged that Defendant’s actions constituted “abscond[ing]

supervision,” this wording cannot convert violations of N.C. Gen. Stat. §§ 15A-

1343(b)(2) and (3) into a violation of N.C. Gen. Stat. § 15A-1343(b)(3a). In addition,

the report did not include reference to N.C. Gen. Stat. § 15A-1343(b)(3a) or any other

statutorily prescribed regular conditions of probation. Prior to the amendment of

N.C. Gen. Stat. § 15A-1343(b) to include not “absconding” as a regular condition of

probation, “abscond” has traditionally been used to refer to other conditions of

probation:

 Although N.C. Gen. Stat. § 15A–1343(b)(3a) introduced the
 term “abscond” into our probation statutes for the first
 time, the term “abscond” has frequently been used when
 referring to violations of the longstanding statutory
 probation conditions to “remain within the jurisdiction of
 the court” or to “report as directed to the officer.” Both are
 regular conditions of probation under N.C. Gen. Stat. §
 15A–1343[.]

 - 11 -
 STATE V. WILLIAMS

 Opinion of the Court

State v. Hunnicutt, __ N.C. App. __, __, 740 S.E.2d 906, 911 (2013) (citations omitted);

see also Nolen, __ N.C. App. at __, 743 S.E.2d at 731 (“Although the probation officer

used the term ‘absconding’ to describe Defendant’s non-compliance with the regular

condition of probation under N.C. Gen. Stat. § 15A–1343(b)(2) (requiring the

defendant to ‘[r]emain within the jurisdiction of the Court unless granted written

permission to leave’), the trial court’s limited revoking authority under the JRA does

not include this section 15A–1343(b)(2) condition.”).

 We hold that the evidence in this case does not support finding a violation of

N.C. Gen. Stat. § 15A–1343(b)(3a). The evidence was clearly sufficient to find

violations of N.C. Gen. Stat. §§ 15A–1343(b)(2) and (3), and Defendant does not

contest that portion of the judgment finding he violated those conditions. However,

N.C. Gen. Stat. § 15A-1344(a) does not authorize revocation based upon violations of

those conditions, unless the requirements of N.C. Gen. Stat. § 15A-1344(a)(d2) have

been met, which is not the situation in the case before us. The judgment entered

upon revocation of probation is hereby reversed. We remand to the trial court for

entry of an appropriate judgment, consistent with the provisions of N.C. Gen. Stat. §

15A–1344, based on the violations found in sections two through seven of the report.

 Reversed and remanded.

 Judges HUNTER, JR. and DAVIS concur.

 - 12 -