IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-456

No. COA20-577

Filed 7 September 2021

Stokes County, Nos. 19 CRS 17-19; 19 CRS 459; 19 CRS 50404

STATE OF NORTH CAROLINA,

v.

JARED WADE FLANAGAN, Defendant.

Appeal by Defendant from judgments entered 5 February 2020 by Judge Angela B. Puckett in Stokes County Superior Court. Heard in the Court of Appeals 23 March 2021.

*Attorney General Joshua H. Stein, by Assistant Attorney General Robert C. Ennis, for the State.*

*Jason Christopher Yoder, for Defendant-Appellant.*

WOOD, Judge.

¶ 1 Jared Flanagan ("Defendant") appeals from judgments of the trial court revoking his probation for various misdemeanor offenses. Defendant's notice of appeal failed to comport with Rule 4 of our rules of appellate procedure, and he asks this Court to allow his petition for writ of certiorari ("PWC") to reach the merits of his appeal. Defendant seeks our review of the revocation order, because the trial court failed to find good cause to revoke his probation. After careful review, we find

the Stokes County Superior Court lacked jurisdiction to hear Defendant's appeal. Thus, we grant Defendant's PWC and vacate the judgment of the Stokes County Superior Court and reinstate the judgment of the Stokes County District Court.

## I.    Background

¶ 2        On July 19, 2018, Defendant pleaded guilty in Forsyth County District Court to first-degree trespass and larceny (file no. 17 CR 60920).  The trial court sentenced Defendant to one hundred twenty days in the custody of the Misdemeanant Confinement Program,[1] suspended for twelve months of supervised probation.  On August 24, 2018, Defendant pleaded guilty to possession of drug paraphernalia (file no. 18 CR 56369).  The trial court sentenced Defendant to one hundred twenty days in the custody of the Misdemeanant Confinement Program, suspended for twelve months of supervised probation and ordered as a special condition of his probation that Defendant report for initial evaluation for a substance abuse assessment.  On October 23, 2018, Defendant pleaded guilty to felony larceny (file no. 17 CR 61748).  Defendant was sentenced to sixty days in the Forsyth County Jail, suspended for twelve months of supervised probation and ordered as a special condition of probation to serve ten days in the Forsyth County Jail.

---

[1] The Misdemeanant Confinement Program, administered by the North Carolina Sheriff's Association, houses all misdemeanants and people convicted of drunk driving at county jails that have voluntarily agreed to participate in the program.  https://www.doc.state.nc.us/jr/misdemeanors.html.

¶ 3        On December 7, 2018, while subject to the restrictions of his probation, Defendant tested positive for opiates. On December 23, 2018, Defendant was charged in Forsyth County with second-degree trespass and misdemeanor larceny. On December 28, 2018, Defendant was charged with two counts of shoplifting concealment of goods. On January 3 and 17, 2019, Defendant failed to report to Treatment Accountability for Safer Communities care management services in violation of the terms of his probation. As a result, Defendant was terminated from the program. Defendant also failed to attend a scheduled appointment with Daymark Recovery Services for substance abuse services. Defendant failed to report to the Forsyth County Jail to serve his special condition of probation as ordered by the trial court on weekends in November and December 2018 and January 4, 2019. Defendant's probation officer, Tiffany Lynch ("PO Lynch"), testified Defendant had only completed four days of his special condition of probation as of the date of his revocation hearing.

¶ 4        PO Lynch filed violation reports in Stokes County District Court alleging that Defendant violated his probation in file nos. 19 CR 17-19 (the "misdemeanor cases") by committing new criminal offenses on January 18, 2019. The violation report gave notice of a revocation hearing scheduled on March 4, 2019. Two days later, Defendant stole multiple items from a Walmart in Stokes County. On April 1, 2019, Defendant failed to appear for a scheduled court date and also failed to report for a scheduled

office visit with PO Lynch.

¶ 5        On April 3, 2019, a law enforcement officer stopped Defendant and his vehicle in Forsyth County for a traffic violation.  Following that traffic stop, Defendant was arrested on multiple charges because he was found to be in possession of drug paraphernalia; tried to strike an officer with his vehicle; obstructed the investigation by driving away; drove without a driver's license and while displaying a license plate registered for another vehicle; drove recklessly, failed to maintain lane control, failed to stop at a stop sign; failed to wear a seat belt; and fled in his vehicle to elude arrest.

¶ 6        The following day, PO Lynch filed additional probation violation reports alleging Defendant absconded supervision, failed to report to PO Lynch, and committed new criminal offenses.  PO Lynch also alleged that, during the April 3, 2019 incident, Defendant was using heroin in a Winston-Salem park and that he "is a danger to himself and the community."

¶ 7        On October 22, 2019, Defendant pleaded guilty in Stokes County Superior Court to felony larceny from a merchant and to misdemeanor larceny (19 CRS 50404-05).  The trial court sentenced Defendant to a minimum of nine, maximum of twenty months in custody, suspended for eighteen months of supervised probation.  On October 29, 2019, Defendant pleaded guilty in Forsyth County Superior Court to attempted assault with a deadly weapon on a government official and resisting a public officer (19 CRS 53256); driving while license revoked and reckless driving (19

CRS 53257); possession of drug paraphernalia (19 CRS 53262); and fleeing to elude arrest with a motor vehicle (19 CRS 53263). The trial court sentenced Defendant to a minimum of fifteen, maximum of twenty-seven months, suspended for a term of thirty-six months of supervised probation.

¶ 8 Defendant failed to report to PO Lynch in Stokes County or his Forsyth County Courtesy Officer for his November 14, 2019 appointment. PO Lynch reported Defendant told his Forsyth County Courtesy Officer that he would be unable to attend his November 14, 2019 appointment with the Forsyth County Courtesy Officer because he was working out of town. However, around November 15, 2019, Defendant was charged in Forsyth County with misdemeanor larceny at a Walmart. His presence at Walmart was a violation of a prior court order prohibiting Defendant from being on the premises of any Walmart. On November 22, 2019, Defendant was charged in Stokes County with resisting a public officer.

¶ 9 On December 2, 2019, Defendant appeared before the Stokes County District Court for a hearing on the January 18, and April 4, 2019 violation reports. While in the Stokes County District Court, Defendant both waived his violation hearing and admitted he violated the conditions of his probation. That same day, the Stokes County District Court entered orders revoking Defendant's probation and activating the suspended sentences in the misdemeanor cases. The trial court imposed his sentence of one hundred twenty days in the Misdemeanant Confinement Program

and gave him credit for ninety-two days of prior confinement; his sentence of one hundred twenty days in the Misdemeanant Confinement Program; and his consecutive sentence of sixty days in the Stokes County Jail. After learning his probation was being revoked, Defendant ran out of the courtroom, was quickly apprehended in the courthouse, and ordered to serve thirty days in jail for criminal contempt of court. Defendant gave notice of appeal to the Stokes County Superior Court.

¶ 10   On December 23, 2019, PO Lynch filed violation reports in the Stokes County Superior Court, alleging that Defendant had violated the terms of his probation in file nos. 19 CRS 50404-05, and in 19 CRS 053256-57 and 19 CRS 053262-63 (renamed in Stokes County as file no. 19 CRS 459). The report gave notice of a hearing scheduled for February 5, 2020.

¶ 11   On February 5, 2020, Defendant appeared before the Stokes County Superior Court. At the hearing, Defendant admitted to willfully violating his probation as alleged in the violation reports in the Superior Court probation files. The Stokes County Superior Court found Defendant had violated his probation and entered five judgments revoking Defendant's probation and activating his suspended sentences in the misdemeanor cases, and in 19 CRS 50404-05 and 19 CRS 459 (the felony cases). On February 11, 2020, Defendant filed written notice of appeal regarding the

misdemeanor cases and the felony cases.[2]  The misdemeanor cases are the only cases currently before us.

¶ 12        On August 10, 2020, Defendant filed a PWC with this Court.  Defendant filed a PWC because his appeal failed to "identify the '[C]ourt to which appeal is taken.' " N.C. R. App. P. 4(b).  Because Defendant failed to comply with Rule 4 of our rules of appellate procedure, Defendant asks this Court to exercise its discretion and issue a writ of certiorari to permit appellate review.  In our discretion, we allow the petition to consider the merits of Defendant's appeal.

## II.    Discussion

¶ 13        At the outset, we must first determine whether the Stokes County Superior Court possessed jurisdiction to hear Defendant's appeal from the Stokes County District Court. The question of whether a superior court has appellate jurisdiction over a district court's revocation of probation and subsequent activation of a sentence when the defendant has waived his revocation hearing is an issue of first impression before this Court.

¶ 14        The right to appeal in a criminal case is "purely a creation of state statute."

---

[2] While Defendant appealed in the Stokes County Superior Court on February 11, 2020, his notice of appeal failed to designate a court from which his appeal is taken pursuant to Rule 4 of our rules of appellate procedure.  Defendant filed a PWC with this Court, seeking our review of the revocation of his probation for his misdemeanor offenses.  As Defendant did not argue the trial court impermissibly revoked his felony probation in his appellate briefing, we need not address this issue. *See* N.C. R. App. P. 28(a) ("Issues not presented and discussed in a party's brief are deemed abandoned.").

*State v. Pennell*, 228 N.C. App. 708, 710, 746 S.E.2d 431, 433 (2013) (quoting *State v. Singleton*, 201 N.C. App. 620, 623, 689 S.E.2d 562, 564 (2010)), *rev'd in part*, 367 N.C. 466, 758 S.E.2d 383 (2014).  "Where jurisdiction is statutory and the Legislature requires the Court to exercise its jurisdiction in a certain manner, to follow a certain procedure, or otherwise subjects the Court to certain limitations, an act of the Court beyond these limits is in excess of its jurisdiction."  *In re T.R.P.*, 360 N.C. 588, 590, 636 S.E.2d 787, 790 (2006) (quoting *Eudy v. Eudy*, 288 N.C. 71, 75, 215 S.E.2d 782, 785 (1975)).

¶ 15        Concerning jurisdiction over probational matters, the ability of a court "to review a probationer's compliance with the terms of his probation is limited by statute."  *State v. Reinhardt*, 183 N.C. App. 291, 292, 644 S.E.2d 26, 27 (2007) (quoting *State v. Burns*, 171 N.C. App. 759, 760, 615 S.E.2d 347, 348 (2005)).  We are guided by N.C. Gen. Stat. § 15A-1347 which states in relevant part,

> (a) [W]hen a district court judge, as a result of a finding of a violation of probation, activates a sentence or imposes special probation, the defendant may appeal to the superior court for a de novo revocation hearing . . . .

> (b) If a defendant waives a revocation hearing, the finding of a violation of probation, activation of sentence, or imposition of special probation *may not* be appealed to the superior court.

N.C. Gen. Stat. § 15A-1347(a)-(b) (2021) (emphasis added).

¶ 16        Following from the plain language of Section 15A-1347(b) is the conclusion that

the superior court may not hear an appeal from the district court concerning the activation of a sentence, special probation imposition, or finding of a probation violation if the defendant waived a revocation hearing. *See id.* The direct result of Section 15A-1347(b) is that the superior courts' jurisdiction is limited by a defendant's action in the district court. If a defendant chooses to waive his revocation hearing, then the natural consequence proscribed by Section 15A-1347(b) is that the defendant may not thereafter appeal his special probation imposition, sentence activation, or finding of violation of probation by the district court to the superior court. To accept such an appeal would cause the superior court to act in excess of its jurisdictional boundaries imposed by the General Assembly in Section 15A-1347(b).

¶ 17    Here, Defendant both waived his violation hearing and admitted to violating the conditions of his probation during his December 2, 2019 Stokes County District Court hearing. After the District Court revoked Defendant's probation and activated his sentence, Defendant appealed to the Stokes County Superior Court. Despite Defendant's waiver of his violation hearing in the District Court, the Stokes County Superior Court heard Defendant's appeal on February 5, 2020. Since we have determined that Section 15A-1347(b) precludes appeal to the superior court when a defendant waives his revocation hearing, we that hold that the Stokes County Superior Court lacked jurisdiction to hear Defendant's appeal. To hold otherwise would permit the Superior Court to exceed its jurisdiction and operate beyond the

jurisdictional boundaries established by our General Assembly.

¶ 18     Although we have yet to consider Section 15A-1347(b) as a jurisdictional bar, we turn to relevant case law for further guidance in reaching our decision. In *State v. Miller*, our Supreme Court explained because the ability to suspend a sentence is favorable to the defendant, when the defendant "sits by as the order is entered and does not then appeal, he impliedly consents and thereby waives or abandons his right to appeal on the principal issue of his guilt or innocence." 225 N.C. 213, 215, 34 S.E.2d 143, 145 (1945). The defendant would thus "commit[] himself to abide by the stipulated conditions [and] . . . may not be heard thereafter to complain that his conviction was not in accord with due process of law." *Id.* In *State v. Smith*, our Supreme Court reasoned because the defendant did not object when the condition was implemented, his conduct "impliedly consented thereto and [he] committed himself to abide by the terms of the probation." 233 N.C. 68, 70, 62 S.E.2d 495, 496 (1950).

¶ 19     Naturally flowing from our Supreme Court cases is the proposition that when a defendant assents during a conviction, he generally may not later appeal on the basis of that to which he previously assented. In the present case, Defendant assented to waiving the violation hearing and admitted violating the conditions of his probation. Defendant in no way contested the charges against him. Defendant's waiver of his violation hearing precludes him from appealing to the Superior Court

from the results that flow from Section 15A-1347(b), including the activation of his suspended sentence.

¶ 20      Next, concerning revocation hearings in *State v. Romero*, we held because "Defendant did not contest the validity of the community service requirement at any point during the revocation hearing," the defendant had "waived this challenge." 228 N.C. App. 348, 351-52, 745 S.E.2d 364, 367 (2013). Similarly, in *State v. Tozzi*, we held a defendant cannot for the first time bring an objection to his probation on appeal but "must first object no later than the revocation hearing." 84 N.C. App. 517, 520, 353 S.E.2d 250, 252 (1987). Here, Defendant's waiver of his revocation hearing means he did not contest or object to the alleged violations of his probation. Thus, under Section 15A-1347(b), Defendant lost the right to appeal the District Court's finding of a violation of probation, special probation sentence, or an activation of his sentences.

¶ 21      The Stokes County Superior Court did not have jurisdiction to hear Defendant's appeal from the Stokes County District Court. The language of Section 15A-1347(b) clearly states that a waiver of a revocation hearing and subsequent finding of violation of probation, activation of a sentence, or imposition of a special probation precludes an appeal to the superior court. Because Defendant waived his revocation hearing in the Stokes County District Court then appealed the District Court's revocation and suspension activation to Stokes County Superior Court, the

Superior Court was barred by N.C. Gen. Stat. § 15A-1347(b) from hearing Defendant's appeal.

¶ 22 Defendant asks us to consider whether the trial court erred by holding a revocation hearing after the expiration of Defendant's probation without first making a finding of fact that the State had shown good cause for the probation hearing. We need not consider the merits of this argument because N.C. Gen. Stat. § 15A-1347(b) prohibited Defendant from appealing the Stokes County District Court decision to activate Defendant's sentence to the Stokes County Superior Court.

### III.    Conclusion

¶ 23 The decision of the Stokes County Superior Court is vacated, and the judgment of the Stokes County District Court is reinstated.

VACATED.

Judges INMAN and GRIFFIN concur.